In re GULIANO.

(District Court, S. D. New York. October 15, 1907.)

1. ALIENS—NATURALIZATION—REQUISITES ON SECOND APPLICATION.

Under Naturalization Act June 29, 1906, c. 3592, § 4, subd. 2, 34 Stat. 597 [U. S. Comp. St. Supp. 1907, p. 421] an alien who has made application for naturalization to a court of competent jurisdiction, and whose petition has been denied, cannot be admitted to citizenship by another court without alleging and proving that the cause for the denial of his first application has since been cured or removed; and where such cause was a finding by the court that the applicant had not during the preceding five years' residence "behaved as a man of good moral character," because of his having within that time pleaded guilty to a serious criminal offense, he cannot be admitted until the lapse of five years after such plea.

2. SAME—PROCEDURE.

Where the right of an alien to naturalization is doubtful, he may properly have the matter determined by means of a motion for leave to file a petition setting out the facts, and on notice to the United States attorney, without payment of the fees required on the filing of a petition by Act June 29, 1906, c. 3592, § 13, 34 Stat. 600 [U. S. Comp. St. Supp. 1907, p. 426].

On Motion that Petitioner be Permitted to File a Petition for Certificate of Naturalization.

The following facts appear from the papers submitted: Guliano came to the United States in 1891, being then 19 years old. In 1897 he applied for and obtained a certificate of naturalization in the Supreme Court of this state (Kings county). At the time of this application he swore that he was but 16 years of age on arrival, and did this, as he deposes, upon the advice and under the influence of a fellow countryman. The certificate of naturalization thus unlawfully obtained Guliano kept, and presumably used, until 1904, when, the illegality being discovered, he surrendered it to a special employé of the Department of Justice. Immediately thereafter, and in February, 1904, he declared his intention to become a citizen in the New York Supreme Court

(New York county). In February, 1905, he was indicted in the Circuit Court for this district under Rev. St. §§ 5425, 5428 [U. S. Comp. St. 1901, pp. 3669, 3670], and pleaded guilty. Sentence, however, was suspended. On August 14, 1907, he applied for his final papers to the Supreme Court of this state (New York county), and his application was, as shown by the extract from the records, "absolutely denied." He now moves for leave to file another petition in this court.

Arthur M. King, for petitioner.

Henry L. Stimson, U. S. Atty., opposed.

HOUGH, District Judge. The present naturalization law (Act June 29, 1906, c. 3592, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 417]) requires the payment of fees (considerable in amount for many of the applicants) in advance, viz., on the "making, filing and docketing the petition" (section 13). Upon the final hearing of said petition, which must be "had in open court before a judge" (section 9), the court must be satisfied, among other things, that the applicant during at least five years' residence within the United States "has behaved as a man of good moral character" (section 4, subd. 4), and must generally be convinced of the truth of the allegations of the petition, including (in this man's case) that he "has been denied admission as a citizen of the United States * * * and that the cause for such denial has since been cured or removed" (section 4, subd. 2). While the record from the state Supreme Court does not reveal the exact ground inducing the absolute denial of Guliano's application, it is inferable from all the papers now submitted that the court did not consider a man, who had within two years and a half pleaded guilty to a serious offense, a person who during five years prior to the hearing of his application had been of good moral character.

The jurisdiction of the Supreme Court over naturalization is as ample as that of any other. Guliano chose to submit to that jurisdiction the question (inter alia) of his moral character, and a decision has been reached adverse to him. The letter of the present act seems to place no limit upon the number of applications that an alien may make for naturalization; but I cannot think it follows that a man who has fully submitted his case to a court of competent jurisdiction and had judgment against him can propound a new application the next day in another court, and repeat the operation as long as his courage dictates or his pocket permits. It is inconceivable that, should Guliano's application be entertained in this court, and his final petition come on for hearing (as it would) within a few months after the decision above noted, such decision would be wholly disregarded, and a certificate granted upon substantially the same facts as had induced its denial a few months earlier.

But there is nothing in the statute forbidding a preliminary inquiry in cases where it is doubtful whether the applicant can truthfully verify a petition giving him any hope of a successful issue. Section 4 declares that an alien "may be admitted" in the manner therein set forth, and "not otherwise." The manner therein set forth consists of declaring on oath numerous facts and then proving them afterwards. One of the necessary facts is that the grounds of denial mov-

ing any court previously refusing an application have "since been cured or removed." He may, and I think should, be permitted to make a preliminary showing in this regard without the payment of the fees attaching to the filing of an application; and I know of no more appropriate method of such preliminary investigation than the course adopted here, viz., motion on the general calendar, after notice to the United States attorney for the appropriate district.

The spirit of the law requires every applying alien to have his day in court; but it is not necessarily a day for which a prerequisite is the preparation of an elaborate petition, posting for 90 days, and a hearing upon a crowded calendar, when it can be ascertained without expense that the application is foredoomed to fail. Such, I think, is Guliano's position. It has been decided by a court of competent jurisdiction that, because he pleaded guilty to the indictment above noted within five years prior to his application, he was not of good moral character for the statutory period. Other courts and other judges, upon slightly varying facts, might perhaps come to a different conclusion; but I do not think that this man can show that the cause of denial has been "cured" until at the least he has behaved himself as a man of good moral character for five years after his plea of guilty.

Motion denied.