In re TALARICO.

(District Court, W. D. Pennsylvania. July 6, 1912.)

No. 1,586.

ALIENS (§ 62*)—NATURALIZATION—QUALIFICATIONS—GOOD MORAL CHARACTER.

An applicant for naturalization, shown to have given false answers under oath to questions asked him by the Chief Naturalization Examiner of the Department of Commerce and Labor, cannot be found to have "behaved as a man of good moral character" during the preceding five years, as required to entitle him to naturalization under Act June 29, 1906, c. 3592, § 4 (4), 34 Stat. 598, (U. S. Comp. St. Supp. 1911, p. 531).

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123-125; Dec. Dig. § 62.*]

On application by Luigi Talarico for naturalization. Petition denied.

Edward B. Goehring, for petitioner.
H. S. Lydick, Asst. Dist. Atty., for the United States.

YOUNG, District Judge. The above petition was filed September 21, 1911. On May 12, 1911, the same petitioner, on petition No. 1,028, was refused a certificate of naturalization on the ground that he had not behaved as a man of good moral character, in that he had falsely answered inquiries made of him by W. M. Ragsdale, Chief Naturalization Examiner of the Department of Commerce and Labor, who is charged with the duty of examining applicants for naturalization under oath, preparatory to their appearance in court for a hearing upon their petitions. The present application is opposed by the government on the ground that having been refused a certificate within

the period of five years prior to the hearing of his application for the same, for the reason that he had not behaved himself as a man of good moral character, he cannot be naturalized until five years after the date of the commission of the offense which was the ground of his refusal, in this case January 16, 1911.

In order that the court might have before it all the evidence tending to show the falsity of the answers made by the applicant to Mr. Ragsdale, the clerk of this court, Wm. T. Lindsey, Esq., was appointed Commissioner, and the evidence submitted to him in favor of the applicant and against him is now before us. The principal question is as to the answer made to the question put by Mr. Ragsdale to the applicant as to whether he (the applicant) had ever been arrested or been charged with any violation of the law. It is admitted by applicant that he was asked these questions and that he answered them in the negative. It was proved to the satisfaction of the court at the hearing on petition No. 1,028, on May 12, 1911, that the answer made to the Chief Examiner was false, and that the applicant had been arrested for a violation of the law. The court is of the opinion that, having refused the applicant, it was res adjudicata of the matters made the ground of refusal. The following is the requirement of the statute:

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least and within the state or territory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same."

It now appearing from the records that he made false answers within that period, he cannot be said to have behaved himself as a man of good moral character. If authority were needed for such a plain statutory requirement, we have it in the following cases: In re Diclerico (D. C.) 158 Fed. 905; In re Guliano (D. C.) 156 Fed. 420. But it is strongly urged by counsel for applicant that the applicant, when he answered the inquiries of the examiner, had either forgotten about the arrest, or did not understand the question. The evidence shows that the arrest was in October, 1910, and his examination by the Chief Examiner was in January, 1911, three months afterwards. That being the only time he had been arrested, the circumstances attending it could not certainly have escaped his memory. He clearly understood the questions and answers he made and knew at the time they were false. He has not behaved himself as a man of good moral character for a period of five years before the hearing of this application, and his petition must therefore be refused.

Let an order be drawn accordingly.