In re MANNING.

(District Court, N. D. California, First Division. November 14, 1913.)

No. 825.

ALIENS (§ 68*)—NATURALIZATION—SUFFICIENCY OF PETITION.

    Where an applicant for naturalization has not resided within the state for five years, he may, under Naturalization Act June 29, 1906, c. 3592, § 10, 34 Stat. 599 (U. S. Comp. St. Supp. 1911, p. 533), "establish by two witnesses, both in his petition and at the hearing, the time of his residence within the state," and the remaining portion of his residence within the United States by deposition, but the affidavit of the witnesses, in his petition, must cover the full period of his residence in the state, and it is not sufficient to show merely that such residence was for more than a year.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

In the matter of the petition of Patrick Joseph Manning to be admitted a citizen of the United States. Petition dismissed.

Geo. A. Crutchfield, of San Francisco, Cal., Chief Naturalization Examiner.

Daniel O'Connell, of San Francisco, Cal., for applicant.

DOOLING, District Judge. The petition of Patrick Joseph Manning for naturalization declares that he has resided in the United States for over five years, to wit, since June 2, 1900, and in the state of California for over one year, to wit, since April 10, 1910. The petition was filed June 12, 1913, and shows, further, that petitioner applied for naturalization to the superior court of the state of California in and for the county of San Mateo, on November 8, 1912, but that said petition

was denied, because it was not verified by two witnesses covering full period of the residence in the state, and the cause of such denial has since been cured or removed.

The affidavit of the witnesses to the present petition shows that they know that petitioner has resided in the United States for at least 2 years, 10 months, and 21 days, and in the state of California for the same period of time. This affidavit accompanies the petition and was made on June 12, 1913. Petitioner's verified petition shows that at that time he had resided in the state for 3 years, 2 months, and 2 days, or nearly 4 months longer than the period covered by the verification of his witnesses.

The Naturalization Act provides that the petition shall be verified by two witnesses, who shall state that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the state, territory, or district in which the application is made for a period of at least one year, immediately preceding the date of the filing of the petition. Manifestly, if this were the only provision of the act bearing on this question, the affidavit of the witnesses herein would be insufficient, as it does not show a residence of petitioner in the United States for a period of five years. Section 10 of the act (U. S. Comp. St. Supp. 1911, p. 533), however, declares:

"That in case the petitioner has not resided in the state, territory or district for a period of five years continuously and immediately preceding the filing of his petition, he may establish by two witnesses, both in his petition and at the hearing, the time of his residence within the state, provided that it has been for more than one year, and the remaining portion of his five years' residence within the United States required by law to be established may be proved by the depositions of two or more witnesses upon notice to the Bureau of Naturalization and the United States attorney for the district in which said witnesses may reside."

This seems to require that the full time of petitioner's residence in the state must be covered by the affidavit of his witnesses, when it is less than five years. The affidavit of the witnesses here does not establish the time of petitioner's residence within the state within this requirement, and is in this regard as fatally defective as was the petition which was for that reason denied by the superior court of San Mateo county. The cause of the denial of the former petition has not been cured. That denial stands as an adjudication, and is a bar to the present petition, even if the present petition were not fatally defective on its face.

The requirement of the law seems to be clear. In all cases where petitioner has resided in the state for five years, that fact must be shown by the affidavit of two witnesses accompanying the petition. Where petitioner has not resided in the state five years, but has resided therein more than one year, he may establish the period of his residence in the state by the affidavit of two witnesses to his petition; but this affidavit must cover the full period of his residence therein. The affidavit to the present petition does not do so, and the petition must therefore be dismissed.

It is so ordered.