## In re CENTI.

(District Court, W. D. Tennessee, W. D. January 20, 1914.)

No. 101.

ALIENS (§ 62*)—NATURALIZATION—DISQUALIFICATION.

An alien who for 12 or 15 years habitually violated the election laws by voting, with knowledge that he was not qualified, was not attached to .the principles of the Constitution and well disposed to the good order and happiness of the United States, within Act June 29, 1906, c. 3592, § 4, subsec. 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 529), requiring proof that an applicant for citizenship has resided continuously within the United States for at least five years, and within the state or territory for at least one year, during which time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness thereof, and hence naturalization would be denied.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123–125; Dec. Dig. § 62.*]

Petition by Bartolomeo Centi for naturalization. Petition denied.

Yandell Haun, Asst. U. S. Atty., for the United States.

McCALL, District Judge. On May 12, 1910, Bartolomeo Centi, an alien, filed in this court his declaration of intention to be naturalized. The case came on to be and was heard January 10, 1914. The applicant met all the necessary requirements to be naturalized, except by his own testimony he showed that he had been exercising the right of franchise for some 12 or 15 years. That he had voted regularly in national, state, and county elections held in Haywood county, Tenn., with the knowledge, for several years, that he was not a qualified voter, and had no right to vote. Finally, his vote was challenged, and thereupon he made this application for naturalization.

Section 4, subsec. 4, of an act to provide for a uniform rule for the naturalization of aliens, etc., approved June 29, 1906, provides that:

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least, and within the state or territory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thus it is that an alien applying for citizenship in the United States must, among other things, make it appear to the satisfaction of the court before which his application is pending that, during the time he is required to reside in the United States before being naturalized, "he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

The question is: Does the evidence, in substance stated above, meet the requirement of the law? I am unable to bring my mind to the conclusion that an alien, who is shown by his own testimony to have been an habitual violator of the election law, is attached to the principles of the Constitution of the United States, and is well disposed to the good order and happiness of the same. Without naturalization an alien can exercise and enjoy all the privileges and blessings of a citizen except the franchise and the right to hold office. It cannot be truthfully said that one is well disposed to the good order and happiness of a government whose laws he habitually and knowingly violates. Voting and holding office are amongst the very highest and most sacred rights exercised by the citizen, and, if an alien shall exercise such rights knowing that he is not entitled so to do, it would seem that he is not attached to the principles of this government, in the sense that I understand the term is used in the statute.

Not only so, but if an alien disregards the laws of the government of which he seeks to be made a citizen, and tramples them under his feet, before he is naturalized, what evidence is there that he will not continue in the same course after naturalization?

Unhappily too great a percentage of those who are citizens by right entertain very little respect for the law, and certainly this number should not be increased by admitting aliens to citizenship who are shown to have been habitual violators of the laws of the country during their five years of probation. In the very nature of things such a new-made citizen could entertain but slight respect for the laws and institutions of his adopted country. The alien who seeks the privileges and blessings which citizenship in this country brings should make it appear to the court not only that he believes in our form of government, but that during his five years of probation he has made his conduct substantially conform to its laws, as well.

Entertaining these views, under the evidence in this case, I am constrained to deny the application of Bartolomeo Centi for naturalization.