In re CENTI.

(District Court, W. D. Tennessee, W. D. October 1, 1914.)

No. 157.

ALIENS (§ 68*)—NATURALIZATION—PROCEEDINGS—SECOND APPLICATION.

Under Naturalization Act June 29, 1906, c. 3592, § 4 (4), 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 531), which provides that it shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least, and that during that time he has behaved as a man of good moral character, etc., where the petition of an alien has been denied after a hearing on the merits, on the ground that he has not behaved as a man of good moral character during the five years preceding his application, or for other reasons has not complied with such provisions, he cannot maintain a second petition until the lapse of five years from the date of the order denying the first.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

Petition by Bartolomeo Centi for naturalization. On plea in bar. Plea sustained, and petition dismissed.

See, also, 211 Fed. 559.

Casey Todd, of Memphis, Tenn., for petitioner.

Yandell Haun, Asst. U. S. Atty., of Memphis, Tenn., for the United States.

McCALL, District Judge. On June 9, 1914, Bartolomeo Centi filed his petition for naturalization, based upon a declaration of intention made May 12, 1910. On September 7, 1914, the United States, through its District Attorney, filed a plea in bar to the petition for naturalization, and alleged "that on the 17th day of May, 1912, the petitioner filed a petition in this court to be naturalized, and that on the 10th day of January, 1914, said cause came on to be and was heard by this court upon a petition and proof, when it appeared, among other things, that petitioner had repeatedly and for a number of years exercised the rights and privileges of the suffrage, by voting in various elections held in Haywood county, Tenn., while not a citizen of the United States and in violation of law. Whereupon the court refused to grant the petitioner the relief sought, and refused to order issued to him a certificate of naturalization, admitting him to citizenship and to become a citizen of the United States, and dismissed the said petition, and a decree in accordance was entered, which decree was never appealed from, and has never been set aside. In re Centi (D. C.) 211 Fed. 559. Wherefore the United States says that the matters and things contained in the present petition have heretofore been adjudicated by this court, and are now res adjudicata, as between the petitioner and the United States of America, they being the identical parties to both proceedings, involving the same matters; and the United States relies upon and expressly pleads said adjudication as a bar to this petition, and as a bar to the relief sought thereunder."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

217 F.—53

The question raised by the plea is: What length of time must elapse from the date of an order denying, on the merits, a petition of an alien for naturalization, before he may properly file a second petition for naturalization?

There is a paucity of decisions relating to this question, and so far as I am advised none of the federal appellate courts have passed upon it. The fourth section of the Naturalization Act requires, among other things, that:

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least, * * * and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

In Re Centi, supra, it was held in January, 1914, that the conduct of the petitioner in this case did not comport with the requirement of section 4 of the Naturalization Act, supra, and the certificate of naturalization was denied him, and his petition dismissed. His moral status, as that affects his qualification for naturalization, was thus fixed in January, 1914, and at that time it was adjudged that he had not behaved as a man of good moral character, that he was not attached to the principles of the United States, and was not disposed to the good order and happiness of the same.

The statute requires that it should be made to appear to the satisfaction of the court that an alien, applying for naturalization, immediately preceding the date of his application has resided continuously within the United States for five years, at least, and that during that time he had behaved as a man of good moral character, etc. This statute does not impose a permanent disability, but it does impose a disability for the five-year period expressly stated, and I am of the opinion that in this case the five-year period begins to run from the date the order was entered denying his former application, and that he cannot file and maintain a petition for naturalization in this court until the expiration of five years from the date of the former adjudication, and then upon proof that satisfies the court that he has complied with section 4 of the naturalization act, during that five-year period. In re Spencer, Fed. Cas. No. 13,234; In re Trum, 199 Fed. 361; In re Folkstad (D. C.) 199 Fed. 363; In re Guliano, 156 Fed. 420; In re Manning, 209 Fed. 499.

To hold otherwise would seem to stamp former adjudications wherein an alien has been denied naturalization as a nullity, and an alien might file a petition as often as he is denied citizenship, and that, too, one following hard upon the heels of the other. Either the order denying citizenship should be of some consequence, or it should not be made.

It is true the petition now before me states that on the hearing in the former case the conduct of the petitioner, in his opinion, was not made clear to the court. If this were true, then the remedy would seem to be to have seasonably filed a petition to rehear, and thus to

have offered the court an opportunity to more fully understand the conditions and circumstances of petitioner's illegal voting.

It is further alleged that the cause of the denial of the naturalization has since been cured or removed. The court recalls vividly the evidence of the petitioner on the former hearing. The act of having repeatedly and habitually voted, during a period of several years, cannot be removed, and in the opinion of the court cannot be cured so as to justify the naturalization of petitioner, unless right living in obedience to law for the five years next following the date of the former adjudication can cure it.

If the petitioner in this case considered himself aggrieved at the action of the court in the former case, he could have sought relief in the appellate courts. This he did not do, but comes with a new petition, within six months after the denial of his former petition, and in effect asks this court to ignore its former action and try this case anew. This I think he may not do. If, after the expiration of five years from the date of the former adjudication, he desires so to do, and is so advised, he may file a petition for naturalization.

The result is that the plea is sustained, and the petition dismissed. An order will be entered accordingly.