## UNITED STATES v. NESS.

### (District Court, N. D. Iowa, C. D. October 17, 1914.)

ALIENS (§ 70*)—NATURALIZATION—CERTIFICATE OF PHYSICAL EXAMINATION—OMISSION—RES JUDICATA—"ILLEGALITY."

Where the chief naturalization examiner of the Department of Commerce and Labor appeared and opposed defendant's naturalization at the hearing, on the ground that the required certificate of defendant's physi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cal examination had not been procured and the head tax required on entering the United States had not been paid, but the state court overruled the objection, and admitted defendant to citizenship, the omission of the certificate was not an "illegality" within Naturalization Act 1906 (Act June 29, 1906, c. 3592, 34 Stat. 601 [U. S. Comp. St. 1913, § 4374]) § 15, providing for the annullment of judgments of naturalization when procured by fraud or other illegality; and hence the judgment of the state court was res judicata and not subject to attack in a suit to cancel the certificate in a federal court of co-ordinate jurisdiction.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 146, 151, 154–160; Dec. Dig. § 70.*

For other definitions, see Words and Phrases, First and Second Series, Illegality.]

Suit by the United States against Iver Engebretsen Ness, to set aside a certificate of naturalization. Dismissed.

F. A. O'Connor, U. S. Atty., of New Hampton, Iowa, and M. R. Bevington, Chief Naturalization Examiner, of St. Louis Mo., for the United States.

Kenyon, Kelleher & O'Connor, of Ft. Dodge, Iowa, for defendant.

REED, District Judge. This is a suit in equity by the government under section 15 of the Naturalization Act of Congress approved June 29, 1906 (34 St. c. 3592, p. 597) to cancel and set aside a certificate of naturalization issued to the defendant by the district court of Iowa in and for Palo Alto county on May 21, 1912, upon the alleged grounds that it was procured from said court by the fraud of the defendant and illegally, because the petition for naturalization at the time it was presented in the state court, nor at any time prior to the hearing thereon, was not supported by a certificate of the Department of Commerce and Labor of the United States, as required by said Naturalization Act, that the defendant did not submit to a physical examination and pay the required head tax on entering the United States, and that the certificate issued to defendant is void. The defendant in answer to the bill alleges, in substance, that the Department of Commerce and Labor directed its chief naturalization examiner to appear in the state court at the time fixed for the hearing of the petition and object on its behalf to the granting of the petition (which he did) upon the grounds alleged in the bill for setting aside and canceling the certificate, which objection it is alleged was overruled by the state court, and upon hearing the evidence admitted the defendant to citizenship and granted to him a certificate thereof in due form; that such judgment or decree of the state is res adjudicata, and cannot be called in question in this proceeding.

The failure to submit to a physical examination and pay the required head tax is not urged in argument in behalf of the government, and is not therefore considered.

The facts are agreed upon, were fully discussed at the bar, and many authorities have been cited by counsel in support of their respective contentions. It would serve no useful purpose to review them, and it must suffice to say that upon a careful consideration of the facts and authorities submitted the conclusion is that the failure to attach the certificate of the Department of Commerce and Labor of the arrival of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant in the United States to the petition for naturalization, even if essential to prove on the hearing of the petition, was not jurisdictional; that the state court had undoubted jurisdiction to hear the petition as presented to it; that no fraud upon the part of the defendant in procuring the same was shown; that the failure to file the certificate with the petition was not an "illegality" within the meaning of section 15 of the Naturalization Act of 1906; that the judgment of the state court is res adjudicata and cannot be rightly set aside in this proceeding. Whether or not the judgment of the state court admitting the defendant to citizenship is or is not reviewable upon appeal or writ of error by some other court is quite immaterial. Congress has conferred upon certain state courts undoubted jurisdiction to hear the applications of aliens to become citizens, and grant or deny such applications as the facts may warrant. If their judgments are not reviewable under the state practice, Congress has not provided for a review of them by some appellate court. If citizenship is granted, and the judgment is not tainted with any fraud or misconduct of the party in whose favor they are entered, such judgments are final and conclusive against attack in other courts of co-ordinate jurisdiction. See Spratt v. Spratt, 4 Pet. 393, 408, 7 L. Ed. 897; Southern Pacific R. R. Co. v. United States, 168 U. S. 1, 48, et seq., 18 Sup. Ct. 18, 42 L. Ed. 355; Last Chance Mining Co. v. Tyler Mining Co., 157 U. S. 683, 691, 15 Sup. Ct. 733, 39 L. Ed. 859; approved in Johannessen v. United States, 225 U. S. 227, 237, 238, 32 Sup. Ct. 613, 56 L. Ed. 1066; United States v. Lenore (D. C.) 207 Fed. 865, and cases there cited; Regulations of the Department of Commerce and Labor of November 11, 1911, bottom of page 21.

Section 15 of the Naturalization Act of 1906 only authorizes the annulment of judgments of naturalization when procured by fraud, or other *illegality* as distinguished from errors of procedure, which would vitiate the judgments of all courts; and for this purpose only jurisdiction is conferred upon the federal courts by this section.

The bill should therefore be dismissed; and it is accordingly so ordered.