## In re HARTMAN.

### (District Court, N. D. Iowa, E. D. May 4, 1916.)

ALIENS ⊂⇒68—NATURALIZATION—EFFECT OF JUDGMENT IN PRIOR PROCEEDING —"CASE."

A proceeding for naturalization is a "case," within the meaning of article 3, § 2, of the Constitution of the United States, and the denial of the petition of an applicant on the ground that he is not a person of good moral character is an adjudication of that fact, binding upon him, and which bars a second application until he can prove that since that time he has been a person of good moral character for at least five years.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ⊂⇒68.

For other definitions, see Words and Phrases, First and Second Series, Case (in Practice).]

In the matter of the petition of Berck Hartman to be admitted as a citizen of the United States. On demurrer to answer of United States. Demurrer overruled, and petition dismissed.

M. C. Matthews, of Dubuque, Iowa, for petitioner.
F. A. O'Connor, U. S. Atty., of New Hampton, Iowa, and Seth Thomas, Asst. U. S. Atty., of Ft. Dodge, Iowa, for the United States.

REED, District Judge. The petition for naturalization is in due form, and states all essential facts, which, if proven, would entitle the petitioner to be admitted to citizenship. The United States, however, appears by its United States Attorney and Assistant United States Attorney, and files an answer to the petition as follows:

"Comes now F. A. O'Connor, United States Attorney for the Northern District of Iowa, and for and on behalf of said United States and at the suggestion of the Chief Naturalization Examiner of the Bureau of Naturalization of the Department of Labor, makes the following answer to the petition in the above cause, as follows:

"That in addition to the denial of the statements in the applicant's petition filed herein, implied by operation of law, the United States says that on the 2d day of November, 1914, said petitioner filed a petition in the district court of Iowa, in and for Dubuque county, to be naturalized, and that on the 27th day of May, 1915, said cause came on to be and was heard by said court upon said petition and proof, and that it then appeared that the said petitioner had failed to establish his good moral character as by law required, and his said petition was then and there denied by said court, and said petition was dismissed, and a decree in accordance therewith was entered, which decree has not been appealed from or set aside by said court.

"Wherefore the United States says that the matters and things contained in the present petition have heretofore been adjudicated by the said district court of Iowa, in and for Dubuque county, and are now res adjudicata as between the petitioner and the United States of America, they being the identical parties to both proceedings involving the same matters, and the United States relies upon and expressly pleads said adjudication as a bar to this petition, and as a bar to the relief sought thereunder."

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

To this answer the petitioner demurs upon the following grounds:

"That the facts stated and alleged therein are not an adjudication or bar to the petition of the petitioner herein. That the statutes of the United States in relation to the naturalization of aliens do not provide for any prohibition as to the number of petitions that may be filed or sought to be acted upon, and there is no provision in said statutes that prevents a petitioner for naturalization from filing more than one petition, or having more than one hearing upon a petition. That the denial of a petition for naturalization in the state court is not such an adjudication as would bar a subsequent application or petition in the District Court of the United States."

It is the contention of the petitioner that a proceeding under the statutes of the United States for the admission of an alien to citizenship is not a case, suit, or cause of action within the meaning of article 3, § 2, of the Constitution of the United States, and is not, therefore, such a proceeding that a denial of the petition for naturalization is an adjudication thereof that will bar another proceeding by the same petitioner upon the same facts upon which the former proceeding was denied; and he cites United States v. Dolla, 177 Fed. 101, 100 C. C. A. 521, 21 Ann. Cas. 665 (C. C. A. 5th Circuit) in support of this contention.

The government maintains the contrary, and that such such a proceeding is a case, or cause of action, within the meaning of the section of the Constitution above cited, and that a determination of the question involved in such a proceeding, whether favorable to or adverse to the petitioner, is an adjudication which determines the rights of the parties in such a proceeding, and until set aside on appeal or some other method of review, or by direct action to annul the same upon the ground of illegality or fraud in procuring the same, is a bar to another action upon the same facts determined in the prior proceedings; and it cites the following authorities: In re Centi (D. C.) 217 Fed. 833; In re Guliano (D. C.) 156 Fed. 420; In re Bodek (C. C.) 63 Fed. 813; In re Manning (D. C.) 209 Fed. 499, and other cases.

That a judgment or decree admitting an alien to citizenship may be reviewed upon appeal or writ of error from a District Court of the United States, at least, granting the same, is recognized by the Court of Appeals of this Circuit in the following cases: United States v. Ojala, 182 Fed. 51, 104 C. C. A. 491; United States v. Iver Engebretsen Ness, 230 Fed. 950, —— C .C. A. ——, affirming (D. C.) 217 Fed. 169; United States v. Christopher James Davis Deans, 230 Fed. 957, —— C. .C. A. ——, affirming In re Deans (D. C.) 208 Fed. 1018.

United States v. Dolla, 177 Fed. 101, 100 C. C. A. 521, 21 Ann. Cas. 665, cited by the petitioner, seems to have been decided upon the ground that a naturalization proceeding is not a case, suit, cause, or controversy within the meaning of the section of the Constitution of the United States above referred to, which reads in this way:

"Sec. 2. The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority; to all cases affecting ambassadors, other public ministers and consuls; to all cases of admiralty and maritime jurisdiction; to controversies to which the United States shall be a party; to controversies between two or more states, between a state

and citizens of another state, between citizens of different states, between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens, or subjects." Article 3, § 2.

Upon the question as to what constitutes a case, cause of action, or controversy, within this article of the Constitution, Mr. Justice Field, in the case of In re Pacific Railway Company (C. C.) 32 Fed. 241, said at page 255:

"By cases and controversies are intended the claims of litigants brought before the courts for determination by such regular proceedings as are established by law or custom for the protection or enforcement of rights, or the prevention, redress, or punishment of wrongs. Whenever the claim of a party under the Constitution, laws, or treaties of the United States takes such a form that the judicial power is capable of acting upon it, then it has become a case. The term implies the existence of present or possible adverse parties whose contentions are submitted to the court for adjudication."

In Smith v. Adams, 130 U. S. 167, 173, 9 Sup. Ct. 566, 568 (32 L. Ed. 895) Mr. Justice Field, speaking for that court, again said of the clause:

"Whenever the claim or contention of a party takes such a form that the judicial power is capable of acting upon it, then it has become a case or controversy within the meaning of [this section] of the Constitution."

In Osborn v. Bank of United States, 9 Wheat. 819, 6 L. Ed. 204, Chief Justice Marshall said of it:

"This clause enables the judicial department to receive jurisdiction to the full extent of the Constitution, laws, and treaties of the United States, when any question respecting them shall assume such a form that the judicial power is capable of acting on it. That power is capable of acting only when the subject is submitted to it, by a party who asserts his rights in the form prescribed by law. It then becomes a case, and the Constitution declares that the judicial power shall extend to all cases arising under the Constitution, laws, and treaties of the United States."

In Spratt v. Spratt, 4 Pet. 393, at page 408, 7 L. Ed. 897, Mr. Chief Justice Marshall said of a naturalization proceeding:

"The various acts upon the subject [of naturalization] submit the decision on the right of aliens to admission as citizens to courts of record. They are to receive testimony, to compare it with the law, and to judge on both law and fact. This judgment is entered of record as the judgment of the court. It seems to us, if it be in legal form, to close all inquiry, and, like every other judgment, to be complete evidence of its own validity."

The demurrer of the petitioner to the answer of the defendant admits the truth of that answer, and that answer shows that the petitioner presented his petition to the district court of Dubuque county, Iowa, November 2, 1914, and upon the hearing of said cause May 27, 1915, that court adjudged that the petitioner was not entitled to be admitted as a citizen, because it found as a fact from the testimony introduced before it, that he was not a man of good moral character at that time. That fact it was essential that the petitioner prove by competent evidence before he could be admitted as a citizen, and pre-

cludes him from being admitted as a citizen until such time as he can so prove.

In Southern Pacific Railroad v. United States, 168 U. S. 1, at page 48, 18 Sup. Ct. 18, at page 27 [42 L. Ed. 355], Mr. Justice Harlan, in delivering the opinion of that court, said:

> "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them."

Many cases are cited from that court, and others in which this rule has been held, and it has been approved in the case of Johannessen v. United States, 225 U. S. 227, 237, 238, 32 Sup. Ct. 613, 56 L. Ed. 1066, a case involving a naturalization certificate, and is conclusive upon all lower federal courts. I therefore reach the conclusion that the judgment of the district court of Dubuque county, denying the application of the petitioner in this case to be admitted as a citizen of the United States, is an adjudication of his right to be so admitted until such time as he can prove by competent evidence that he has been a person of good moral character for the period of at least five years before he shall be admitted to citizenship, as provided in section 4 of Naturalization Act.

The application of the petitioner is denied; and it is accordingly so ordered.