## In re STASINOPULOS.

District Court, E. D. Michigan, S. D. July 18, 1927.

No. 18242.

1. **Judgment** ⬤⟾828(1)—**State court's finding that applicant for naturalization was not of good character held to render issue res judicata in federal court (8 U. S. C. A. § 382).**

Finding of the state court on June 15, in denying application for naturalization, that petitioner was not of good character, within 8 U. S. C. A. § 382 (Comp. St. § 4352 [4]), *held* to render the issue res judicata on application filed on succeeding November 16 in the United States District Court, and to require denial of petition, but without prejudice to filing another petition at expiration of five-year period prescribed by statute.

2. **Aliens** ⬤⟾68(1)—**Naturalization proceedings are judicial, not administrative; petitioner and government both being parties.**

Naturalization proceedings before courts having the necessary jurisdiction are judicial, not administrative, to which petitioner and government are both parties.

3. **Aliens** ⬤⟾67—**Petition for naturalization of one residing in Northern division of district may properly be filed, heard, and determined in Southern division (U. S. Code, tit. 28, § 114; 8 U. S. C. A. § 357).**

Petition for naturalization of one residing in Northern division of district may properly be filed, heard and determined in the Southern division, since under 8 U. S. C. A. § 357 (Comp. St. § 4351), naturalization jurisdiction extends to aliens resident within respective judicial districts of the court, and U. S. Code, tit. 28, § 114, providing that suits not of local nature must be brought in division where defendant resides, is not applicable to naturalization proceeding; the government being a defendant, but not resident in one division rather than in another.

Petition by Peter Stasinopulos for naturalization. Order in accordance with opinion.

Peter Stasinopulos, in pro. per.

TUTTLE, District Judge. [1, 2] Peter Stasinopulos, an alien residing in the city of East Tawas, Mich., in the Northern division of the Eastern district of Michigan, filed, on November 16, 1926, in the office of the clerk of this court, located at Detroit, in the Southern division of this district, his petition for naturalization. Said petition came on for final hearing before this court on April 30, 1927. The evidence at such hearing showed that on March 13, 1926, the petitioner had filed a petition for naturalization before the circuit court for Iosco county, a court of record of the state of Michigan, having jurisdiction to admit aliens to

citizenship, which petition had been denied by said state court on June 15, 1926, for the reason that, as then and there found and decided by said court, said petitioner was not "a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same," as required by section 382 of title 8 of the United States Code (Comp. St. § 4352[4]). This decision was apparently based upon evidence that the petitioner had been, and then was, violating a statute of the state of Michigan pertaining to the regulation of hotels, and applicable to said petitioner as a hotel keeper. The question now presented to this court in this connection is whether the judgment of the state court is binding upon the petitioner here and precludes the granting of the citizenship sought in the present proceedings. It is now settled that naturalization proceedings before courts having the necessary jurisdiction are judicial, not administrative, in character, and that "in passing upon the application the court exercises judicial judgment." Tutun v. United States, 270 U. S. 568, 46 S. Ct. 425, 70 L. Ed. 738. It is, therefore, clear that, as the parties to the proceeding before the state court mentioned, the petitioner and the government, are also the parties to the present proceeding, and the questions, including that of the requisite qualifications of the petitioner, passed upon and decided by the state court, are the same questions again presented in the present proceeding, the judgment of the state court referred to is now res judicata here, as between these same parties, and requires this court to deny the present petition, without prejudice to the right of the petitioner to file another petition at the expiration of the five-year period prescribed by the statutory provision already cited; that is, five years from the date of said judgment of the state court. In re Guliano (D. C.) 156 F. 420; In re Centi (D. C.) 217 F. 833; In re Hartman (D. C.) 232 F. 798; In re Norman (D. C.) 256 F. 543; In re Kornstein (D. C.) 268 F. 172.

[3] The only other question presented is whether the fact that the petitioner resides in the Northern division of this district made it necessary for him to file, and the court to hear, his petition in that division rather than in the Southern division, where such petition was actually filed. The only statutory provision applicable is the following language of section 357 of title 8 of the United States Code (Comp. St. § 4351): "The naturalization jurisdiction of all courts herein specified, state, territorial, and federal, shall extend only to aliens resident within the respective judicial districts of such courts." It is plain that this petitioner resided within the Eastern district of Michigan, which is the "judicial district" of this court. It is true that section 114 of title 28 of the United States Code, being section 53 of the Judicial Code (Comp. St. § 1035), provides that, "when a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides." Clearly, however, the defendant here, the government, cannot be said to reside in the Northern division in any different sense or extent than in the Southern division, and this section, therefore, can have no application to a naturalization proceeding in this court. I conclude, and hold, that the petition was properly filed, and could properly be heard and determined, in the Southern division of this district, notwithstanding the fact that the petitioner resided in the Northern division.

An order will be entered in accordance with the terms of this opinion.