## THE JEANETTE.

(District Court, S. D. Florida. November 12, 1925.)

No. 1235.

1. Maritime liens ⊜⇒4—Such lien not created by contract of master while vessel in custody of officers.

Maritime lien on vessel cannot be created by contract of her master, made while she is in custody of officers, who had seized her for violation of immigration and customs laws.

2. Maritime liens ⊜⇒9—Such lien not created by master's contract with attorney to defend him and crew on criminal charge.

Maritime lien on vessel cannot be created by contract of master with attorney to defend him and the crew on charge of violating immigration and customs laws.

In Admiralty. Libel by W. K. Zewadski, Jr., against the American steamship Jeanette. Libel dismissed.

Jo Johnson, of Tampa, Fla., for libelant.

Kelly, Sutton & Shaw, of Tampa, Fla., for respondent.

CALL, District Judge. This cause comes on to be heard upon a motion to dismiss the libel filed herein against the steamship Jeanette. It is asked on the argument that the motion to dismiss be treated as exceptions.

The libel shows that the vessel was seized by United States officials for violation of the immigration and customs laws on her arrival in the harbor of Tampa, and has since remained in the custody of such officials; that the master and crew were arrested at that time and detained in the Hillsborough county jail, until their trial and acquittal of the criminal charge; that while so confined in jail the master made a contract with libelant for his services as an attorney to defend them upon such criminal charge, attempting to bind the ship in a specified amount; that the services were performed; that the owner was present and took no steps to procure an attorney for the defense.

[1, 2] The first question made by the exceptions is the power of the master to bind the ship and create a maritime lien. It is well settled that, to create a maritime lien, which differs from a common-law lien, the service must be rendered to the vessel, and be of a nature to facilitate its use as an instrument of navigation. The act of Congress of 1920 (Comp. St. Ann. Supp. 1923, § 8146¼ooo et seq.) specifies how this maritime lien arises and the persons on whose order the necessities are furnished.

There are two reasons why, in my opinion, this libel shows no maritime lien against this vessel. First, she was in the custody of the seizing officers at the time the contract with the master was made. It is clear that the seizure of the vessel for violation of the immigration and customs laws put an end to the power of the master to bind the ship; and, second, that the contract was for the defense of the master and crew from a criminal charge, and not necessaries to be furnished the ship to expedite her voyage.

I am somewhat at a loss to know by what process this vessel could have been taken in custody by the marshal on an attachment, when she already was in the custody of the officers making the seizure; but in my view, as above expressed, it is not necessary to consider this matter.

Something was said in argument about the owner abandoning the vessel. However, this can have no bearing upon the decision of the question here involved. The owner was powerless to create a maritime lien after the seizure of the vessel and during the time she was in the custody of the officers making the seizure.

I do not find any claim interposed or stipulation for costs in the papers before me, as required by the rules.

An order dismissing the libel will be made upon the filing of the claim and stipulation for costs, as required by the rules, on the ground that the libel shows no maritime lien to exist.