**In re DAVIES.**

No. 65.

District Court, M. D. Pennsylvania.

Jan. 12, 1944.

Byron C. McAdoo, of Wilkes Barre, Pa., United States Naturalization Examiner.

WATSON, District Judge.

The petitioner, William Davies, filed his amended petition for naturalization under Section 310(b), Nationality Act of 1940, 54 Stat. 1144, 1145, 8 U.S.C.A. § 710(b).

The petitioner was born in Wales on November 13, 1890, and arrived in the United States on April 3, 1923. He has resided in the United States continuously since April 3, 1923, and in Luzerne County, State of Pennsylvania, continuously since March, 1924. On July 3, 1926, he married Hannah Mae Gibbon, a native of the United States, who was born at Catasauqua, Pennsylvania, on November 13, 1899. The petitioner's wife was married prior to her marriage to the petitioner to Thomas Williams, a native of Wales, on October 19, 1919. Thomas Williams never became a citizen of the United States. This marriage was terminated by the death of Thomas Williams on September 23, 1923. Petitioner's wife has never taken an oath of allegiance, or any action, to be repatriated a citizen of the United States.

Section 310(b), Nationality Act of 1940, 54 Stat. 1144, 1145, 8 U.S.C.A. § 710(b), provides:

"(b) Any alien who, on or after May 24, 1934, has married or shall hereafter

marry a citizen of the United States, or any alien whose husband or wife was naturalized on or after May 24, 1934, and during the existence of the marital relation or shall hereafter be so naturalized may, if eligible for naturalization, be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"(1) No declaration of intention shall be required;

"(2) In lieu of the five-year period of residence within the United States, and the six months' period of residence in the State where the petitioner resided at the time of filing the petition, the petitioner shall have resided continuously in the United States for at least three years immediately preceding the filing of the petition."

Act of June 25, 1936, c. 801, 49 Stat. 1917, 34 Stat. 596, Act June 29, 1906, provides: "That hereafter a woman, being a native-born citizen, who has or is believed to have lost her United States citizenship solely by reason of her marriage prior to September 22, 1922, to an alien, and whose marital status with such alien has or shall have terminated, shall be deemed to be a citizen of the United States to the same extent as though her marriage to said alien had taken place on or after September 22, 1922: Provided, however, That no such woman shall have or claim any rights as a citizen of the United States until she shall have duly taken the oath of allegiance as prescribed in section 4 of the Act approved June 29, 1906."

The petitioner's wife lost her United States citizenship by marriage to an alien in 1919. Sec. 3, Act of March 2, 1907, 34 Stat. 1228. She regained United States citizenship on June 25, 1936, and may be considered as having been naturalized on that date, but is not entitled to any rights or privileges as a citizen of the United States until she shall have taken an oath of allegiance to the United States.

The wife of the petitioner is a citizen of the United States. It is unnecessary for her to take an oath of allegiance but, as tangible evidence of the existence of her rights of citizenship, she should be permitted to take the oath and receive certification of that fact.

My conclusion is that, as the petitioner has fulfilled all requirements under the naturalization laws, he should be admitted to citizenship, even though his wife has not taken the prescribed oath of allegiance to the United States.