## In re LEVINE.

### No. 265092.

District Court, D. Massachusetts.

Dec. 29, 1944.

James P. O'Sullivan, of Boston, Mass., for the United States.

No appearance for petitioner.

HEALEY, District Judge.

The petitioner, Rosa Levine, was married on August 10, 1916, to Jacob Goldberg. Goldberg at that time was an alien. On April 28, 1924, Goldberg was naturalized in the United States District Court for this District. On December 31, 1928, an absolute decree of divorce was granted to the petitioner from her husband, Goldberg. By this decree the petitioner was allowed to resume her maiden name of Levine. Petitioner's marriage to Goldberg has been her only marriage. Goldberg died on September 18, 1929. The present petition was filed on November 12, 1943.

The petitioner seeks the benefits of the provisions of section 310(a) of the Nationality Act of 1940, 8 U.S.C.A. § 710(a).[1]

There is no contention that the petitioner is not eligible to naturalization, if she is entitled to the benefits provided by Section 310(a).

The question is whether or not, having been divorced from Goldberg, the petitioner is entitled to the benefits of Section 310(a).

The benefits of that section are granted to "any alien who, after September 21, 1922, and prior to May 24, 1934, has married a citizen of the United States, or any alien who married prior to May 24, 1934, a spouse who was naturalized during such period and during the existence of the marital relation." The petitioner, as appears above, was married prior to May 24, 1934, to a spouse who was naturalized during the period from September 21, 1922, to May 24, 1934, and who was naturalized during the existence of the marital relation.

Did the termination of the marital relation subsequent to Goldberg's naturaliza-

[1] "Any alien who, after September 21, 1922, and prior to May 24, 1934, has married a citizen of the United States, or any alien who married prior to May 24, 1934, a spouse who was naturalized during such period and during the existence of the marital relation may, if eligible to naturalization, be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"(1) No declaration of intention shall be required;

"(2) In lieu of the five-year period of residence within the United States, and the six months' period of residence in the State where the petitioner resided at the time of filing the petition, the petitioner shall have resided continuously in the United States for at least one year immediately preceding the filing of the petition."

tion affect the right of the petitioner to the benefits of Section 310(a)?

There is certainly nothing in the literal language of the section to indicate that it did.

Congress has not indicated by its language any intent to limit the benefits of the section to persons who file their petitions during the existence of the marital relationship. The language of the Section is clear and unambiguous. To be entitled to the benefits of Section 310(a), the statute, so far as here material, requires the fulfillment of only two conditions precedent:

(1) Marriage prior to May 24, 1934, and

(2) Naturalization of the spouse between September 21, 1922, and May 24, 1934, and during the existence of the marital relation.

Here, both of these conditions are fulfilled.

Furthermore, a comparison of this section with Section 311 of the Act, 8 U.S. C.A. § 711,[2] shows that when Congress desires to make the existence of the marital union at the time of the filing of the petition a condition precedent, it will do so by means of apt language. Congress in Section 311 has expressly provided as a condition precedent to eligibility to the benefits of that section that the person seeking the benefits "shall have resided in the United States in marital union with the United States citizen spouse for at least one year immediately preceding the filing of the petition for naturalization."

This latter section gives to a petitioner complying with its requirements the same general benefits granted to a petitioner complying with the requirements of Section 310(a).

Consequently, in my opinion, if Congress had intended to make the existence of the marital union at the time of the filing of the petition a condition precedent in Section 310(a), it could have done so as it did in Section 311.

I am, therefore, of the opinion that the petitioner is entitled to the benefits of Section 310(a).

The petition shall be granted.

---

[2] "A person who upon the effective date of this section is married to or thereafter marries a citizen of the United States, or whose spouse is naturalized after the effective date of this section, if such person shall have resided in the United States in marital union with the United States citizen spouse for at least one year immediately preceding the filing of the petition for naturalization, may be naturalized after the effective date of this section upon compliance with all requirements of the naturalization laws with the following exceptions:

"(a) No declaration of intention shall be required.

"(b) The petitioner shall have resided continuously in the United States for at least two years immediately preceding the filing of the petition in lieu of the five-year period of residence within the United States and the six months' period of residence within the State where the naturalization court is held."