## Petition of KELLY.
### No. 21676.

District Court, D. Oregon.
June 30, 1945.

No appearances noted.

JAMES ALGER FEE, District Judge.

Petitioner seeks admission to citizenship in the United States under the provisions of Section 310(a) of the Nationality Act of 1940, 8 U.S.C.A. § 710(a).[1]

The examiner has recommended granting of the petition.[2] The examination in open court indicated the possession of a fair record and a good reputation for much more than five years, an understanding of the structure of the government of this country, the ability to understand and read English, and an apparent attachment to the principles of the federal Constitution.

The petitioner was married to a native born citizen of the United States in 1930. She was divorced in 1944 and was awarded the children of the marriage. The question was raised as to whether petitioner, on this account, was entitled to admission under the designated section. The administrative practice has been to recommend for admission any person who was similarly situated. The practice of making recommendations without calling to the attention of the court the underlying facts, or to conceal questions of law, is improper.[3] Since the process of admission to citizenship leads to a judgment, the court should have the opportunity and the duty of applying the law to the facts. This section, however, is in plain wording. It is an axiom often disregarded, that when the intention of a legislative body is made plain, no court should legislate interstitially. In view of the fact that divorce through fault of petitioner, or even death, might remove the logical basis for admission, the policy might be quite doubtful. However, the statute makes clear the intention of Congress to permit the admission of an alien who was married to a citizen between certain dates irrespective of the fact that the marital relationship no longer exists upon proof

---

[1] "Any alien who, after September 21, 1922, and prior to May 24, 1934, has married a citizen of the United States, or any alien who married prior to May 24, 1934, a spouse who was naturalized during such period and during the existence of the marital relation may, if eligible to naturalization, be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"(1) No declaration of intention shall be required;

"(2) In lieu of the five-year period of residence within the United States, and the six months' period of residence in the State where the petitioner resided at the time of filing the petition, the petitioner shall have resided continuously in the United States for at least one year immediately preceding the filing of the petition."

[2] See In re Boric, D.C., 61 F.Supp. 133.

[3] See United States v. Bergmann, D. C., 47 F.Supp. 765, 767, 768, and note 1.

468

of shorter residence, if the alien possesses the other qualifications.

The contrast between this language and that used in the subsequent section made the intention abundantly plain if there were doubt.[4] This factor is pointed out in a case arising in the District Court of Massachusetts, In re Levine, 58 F.Supp. 622.

The petition is granted.