**Petition of NORBECK.**

**No. 22168.**

District Court, D. Oregon.

April 29, 1946.

No appearances.

JAMES ALGER FEE, District Judge.

A petition has been filed for admission to citizenship upon which testimony was heard in open court in accordance with the rule here established. The facts are that Norbeck was born in Norway on April 9, 1893. He entered the United States in 1904 and resided continuously here thereafter. He married Carrie Blanche Stevens on December 13, 1915. She had been born at Swan Lake, Nebraska, February 3, 1890, and has never resided outside of the United States. His wife lost her citizenship by marriage to him on December 13, 1915. Mrs. Norbeck has never applied for restoration of citizenship. The petition under consideration is based on the right to file by derivation from the citizenship of the wife which, it is claimed, was restored by statute.[1] A petitioner whose right is derived from the citizenship of a spouse is relieved of various requirements incumbent upon other applicants for admission. The question then, is whether the application of petitioner for United States citizenship based upon the citizenship of his wife should be granted. If her citizenship has been restored, he has the right under the statute to file. If her citizenship has not been restored, there is no foundation for his present petition and it must be denied.

It has been suggested that Congress could not have intended to create a class of citizens who could exercise none of the rights and privileges thereof up until the time that the oath of allegiance had been taken. There can be no doubt of the power. The alternative is that Congress intended that citizenship should not be restored until the oath of allegiance was taken and the responsibilities of citizenship assumed thereby. It has been pointed out that the traditional function of the oath of allegiance in restoration of citizenship or the assumption of citizenship, is to mark the time when the assumption of duties as well as the rights and privileges of citizenship, take place. The argument set out in the case of In re Davies, D.C., 53 F. Supp. 426, that at the desire of the repatriate, tangible evidence of her restoration might be acquired by taking the oath, seems weak indeed. On the other hand, the reasoning of Judge Kalodner in the case of In re Portner, D.C., 56 F.Supp. 103, based

---

[1] Title 8 U.S.C.A. § 711: "A person who upon the effective date of this section is married to * * * a citizen of the United States * * * if such person shall have resided in the United States in marital union with the United States citizen spouse for at least one year immediately preceding the filing of the petition for naturalization, may be naturalized after the effective date of this section upon compliance with all requirements of the naturalization laws with the following exceptions:

"(a) No declaration of intention shall be required.

"(b) The petitioner shall have resided continuously in the United States for at least two years immediately preceding the filing of the petition in lieu of the five-year period of residence within the United States and the six months' period of residence within the State where the naturalization court is held. Oct 14, 1940, c. 876, Title I, Subchap. III, § 311, 54 Stat. 1145."

upon the legislative history of the statutes and the traditional purpose of the oath of allegiance, coupled with the considerations set out by Judge Edgerton in Shelley v. United States, 74 App.D.C. 181, 120 F.2d 734, 735, is entirely satisfying. The mere fact that the Shelley case is based in part upon the Schwimmer and Macintosh cases (United States v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889; United States v. Macintosh, 283 U.S. 605, 51 S. Ct. 570, 75 L.Ed. 1302) does not affect the conclusive demonstration of the intent of Congress in relation to the problem in the instant case.

The difficulty now arises in the fact that the naturalization office, notwithstanding the construction placed upon the statute by courts of high authority, persist in recommending such persons for citizenship. It is conceived, apparently, that the case at bar is one in which the facts are such that the court will feel justified in overruling what is the plain intention of Congress. This court has hitherto pointed out that in naturalization cases there is no effective way for the court to protect against unlawful admission of citizens if the naturalization bureau have been convinced by the petitioner no matter what the circumstances.[2] If the court refuse admission, there is no method by which the record may be made so that the appellate court will have everything before it since this court has no independent power of investigation or adduction of testimony. On appeal, likewise, the judge of this court cannot, and of course should not, file briefs or present oral arguments, and yet upon appeal, if the naturalization department appear and urge their construction of the statute based upon the meager facts which are placed in this record, the problem will not be properly presented to the appellate court.[3]

Yet, it would seem that the intention of Congress was plain. It would not seem that there should be any great favoritism shown with the desire of relieving either applicant or his wife from the plain intention of the Act. After all, the applicant has lived in this country for over thirty years and during two foreign wars in which the United States was engaged without making any gesture toward obtaining citizenship. Likewise, his wife who has been in a position to have citizenship restored to her since 1922 and who since 1936 could have been repatriated by the simple gesture of taking the oath of allegiance, has not seen fit so to qualify herself. Upon this basis this court sees no reason to weaken the belief that citizenship in the United States is a great gift by allowing the naturalization department to foster the idea that persons who have shown no desire to assume the duties of citizenship should be given the benefits thereof.

Petition is denied.

---

[2] Petition of Boric, D.C., 61 F.Supp. 133; In re Bookschnis, D.C., 61 F.Supp. 751; Petition of Kelly, D.C., 61 F.Supp. 467.

[3] For a similar situation where the trial court granted the order but applicant was not represented by counsel and the Bureau directed appeal, see In re Reid, D.C., 6 F.Supp. 800; United States v. Reid, 9 Cir., 73 F.2d 153; Elg v. Perkins, 69 App.D.C. 175, 99 F.2d 408, modified Perkins v. Elg, 307 U.S. 325, 59 S. Ct. 884, 83 L.Ed. 1320.