### Petition of BERGER.

United States District Court
S. D. New York.
Jan. 14, 1949.

Oswald I. Kramer, Immigration & Naturalization Bureau, of New York City, for the government.

Emily Schipp Berger, pro se.

HULBERT, District Judge.

Petitioner, a native and national of Germany, lawfully entered the United States for permanent residence on December 22, 1923. She has resided continuously in this country since that date except for a visit to Germany in 1930. Her petition for naturalization was filed on March 20, 1946, under § 310(a) of the Nationality Act of 1940, 8 U.S.C.A. § 710(a). In it she states that she was married to William Jacob Berger on November 5, 1927, and that he was naturalized on November 18, 1930,

at Brooklyn, N. Y. It further appears in the record that petitioner's husband's citizenship was revoked by a consent decree entered in the United States District Court for the District of New Jersey on October 29, 1935. This decree was entered on the ground that he had returned to Germany within five years after his naturalization and established a permanent residence there. After petitioner's husband returned to Germany, he instituted a suit there for a divorce from petitioner. The outcome of that suit is unknown, but it is not regarded as relevant or material in this proceeding.

The issue presented for determination is whether the petitioner is eligible for naturalization under Section 310(a) of the Nationality Act of 1940 as the spouse of an American citizen, notwithstanding the fact that her husband's citizenship has been cancelled.

The statute so far as applicable reads as follows:

"(a) Any alien who, after September 21, 1922, and prior to May 24, 1934, has married a citizen of the United States, or any alien who married prior to May 24, 1934, a spouse who was naturalized during such period and during the existence of the marital relation may, if eligible to naturalization, be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"(1) No declaration of intention shall be required;

"(2) In lieu of the five-year period of residence within the United States, and the six months' period of residence in the State where the petitioner resided at the time of filing the petition, the petitioner shall have resided continuously in the United States for at least one year immediately preceding the filing of the petition."

It is to be noted that this statute does not expressly require that the petitioner be married at the time of filing the petition. Nor does it expressly require the petitioner's spouse to be a citizen at the time of filing the petition.

On this phase of the question, the case of In re Levine, D.C. Mass. 1944, 58 F.Supp. 622, 623 is in point. In that case the petitioner was married to an alien, in 1916. Her husband was naturalized in 1924. In 1928 an absolute decree of divorce was granted to petitioner from her husband, who died in 1929. The petition for naturalization was filed in 1943, and the petitioner was held to come within the provisions of section 310(a). The court said that "to be entitled to the benefits of Section 310(a), the statute, so far as here material, requires the fulfillment of only two conditions precedent:

"(1) Marriage prior to May 24, 1934, and

"(2) Naturalization of the spouse between September 21, 1922, and May 24, 1934, and during the existence of the marital relation."

These two conditions are present in the instant case, as they were in the Levine case supra. The distinction between the two cases is that in the Levine case the marital relation had terminated prior to the filing of the petition, while here the petitioner's spouse ceased to be a citizen prior to the filing of the petition. Does this distinction mean that a different rule should be applied here?

The Government urges that a naturalization decree which is cancelled is void ab initio. This may be true when citizenship is revoked because it was fraudulently procured. Rosenberg v. United States, 3 Cir., 1932, 60 F.2d 475, certiorari denied 287 U.S. 645, 53 S.Ct. 91, 77 L.Ed. 558. And it is also true that section 338(c) of the Nationality Act of 1940, 8 U.S.C.A. § 738(c), as well as its predecessor, 34 Stat. 601, makes a return to the country of a naturalized citizen's birth within five years after his naturalization prima facie evidence of lack of intention to become a permanent citizen. The statute further provides that, in the absence of contrary evidence, this fact alone will be sufficient to warrant the revocation of citizenship as having been fraudulently procured.

However, the Court does not feel that any fraud has been demonstrated in this case to warrant a conclusion that the citizenship of petitioner's husband was void ab initio. As noted above, he consented to the entry of the decree revok-

ing his citizenship. This, in the court's opinion, is the equivalent of his having voluntarily relinquished his citizenship, rather than a revocation because of fraud. Consequently, the Court does not consider that his citizenship was a nullity so as to deprive the petitioner of the second requirement of the statute, as interpreted in the Levine case, supra.

The petition is granted.

Submit order.