be denied him, on the ground that he has destroyed or concealed his books of account by which his actual financial condition could be ascertained.

The special master also found that the bankrupt, within a period of four months before filing his petition, transferred and concealed his property; but this objection, in view of the foregoing, need not be passed upon.

So ordered.

In re ROSS.

(Circuit Court, M. D. Pennsylvania. July 29, 1911.)

No. 1,544.

1. ALIENS (§ 62*)—NATURALIZATION—QUALIFICATIONS.

Where an alien, applying for admission to citizenship, has not behaved as a man of good moral character while residing in the United States, the court, in the exercise of a sound discretion, will refuse his petition, though his behavior has been good during the five years preceding the petition; and the court must determine, taking into account the whole conduct of the petitioner, whether he possesses the necessary qualifications for citizenship.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123–125; Dec. Dig. § 62.*]

2. ALIENS (§ 62*)—NATURALIZATION—QUALIFICATIONS.

An alien, pleading guilty to murder in the second degree, will not be admitted to citizenship, though before the offense, and for more than five years after the expiration of the term of imprisonment, his conduct reveals no cause for censure.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123–125; Dec. Dig. § 62.*]

Petition of Leonard Ross for admission as a citizen of the United States. Petition denied.

A. B. Dunsmore, U. S. Atty.

WITMER, District Judge. [1] If it is made to appear that an alien, applying for admission to citizenship, has not behaved as a man of good moral character while residing in the United States, the court, in the exercise of a sound discretion, may refuse his petition, notwithstanding the applicant's good behavior during the five years preceding his application. It is the duty of the court to determine, taking into account the whole career and conduct of the applicant, in so far as it is made to appear, whether such a one possesses the necessary qualifications, moral and otherwise, to entitle him to the rights of citizenship.

[2] The petitioner is a discharged convict, having on February 10, 1896, pleaded guilty to the charge of murder in the second degree, for which crime he was sentenced to imprisonment at hard labor for a period of 11 years and 6 months. The actual term of his imprisonment was about 9 years, and at the time of filing his petition he had been at liberty more than 5 years. Before the commission of the offense, and since, the conduct of the petitioner reveals no cause for

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

censure, and if his personal welfare alone was entitled to consideration the conferring of the rights of citizenship might be considered as proper aid and encouragement. This matter, however, is not to be determined along such narrow lines. The evil resulting from such practice would immeasurably exceed the personal benefits conferred from such attempts at dispensing charity. Citizenship is not to be debauched by conferring on the criminal class its sacred privileges. The crime of which the petitioner admitted his guilt is so abhorrent to human nature and society that this court will not bestow on him the rights of an American citizen, notwithstanding the great liberality of our federal government.

The petition is dismissed.

---

### In re DE LONG FURNITURE CO.

(District Court, E. D. Pennsylvania. July 3, 1911.)

#### No. 3,677.

BANKRUPTCY (§ 355*)—ASSIGNMENTS OF CONTRACTS—PERFORMANCE OF CONTRACTS BY RECEIVER AND TRUSTEE—EFFECT.

Where a party to a contract assigned to his creditor the money to become due under the contract, and the party's receiver and trustee in bankruptcy carried out the contract, the money becoming due must be used to discharge the debt due the creditor, though on the failure of the receiver and trustee to complete the contract there would have been no money to which the assignment could apply.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 355.*]

In the matter of the bankruptcy of the De Long Furniture Company. On certificate of referee concerning the claim of the Kutztown National Bank. Referee's order affirmed.

Joseph R. Dickinson, for trustee.
J. H. Marx, for Kutztown Nat. Bank.

J. B. McPHERSON, District Judge. The only question presented by this certificate is the correctness of the referee's order directing the trustee to pay to the bank $508.80 in partial discharge of the furniture company's admitted debt. The company did not really assign to the bank the contracts in question, but (whatever the mere form of the transaction may have been) merely assigned the money to become due under these contracts. This is conceded to have been valid in equity as an executory agreement to assign, and, if the furniture company had continued to do business and had carried out the contracts, the bank's right to receive the money when it became due would be clear. But insolvency under the state law, and afterwards bankruptcy, intervened while the contracts were still uncompleted, and it is this fact that introduces the disturbing element. In my opinion, however, the referee came to a proper conclusion. Neither the receiver nor the trustee was bound to adopt and complete the contracts, and, if neither had undertaken to complete, there would have been no money to which the furniture company's assignment could apply, and the bank

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes