## In re ADDIS.

(District Court, N. D. California, First Division. May 7, 1918.)

ALIENS ⚙═62—NATURALIZATION—REQUIREMENTS.

An application for citizenship by one who within a year has pleaded guilty to a charge of conspiring to hire others to enlist in the service of a foreign king, in violation of Criminal Code, § 10 (Comp. St. 1916, § 10174), and has been sentenced to pay a fine therefor, although subsequently pardoned by the President, will be denied naturalization, as not having fulfilled the statutory requirement of behaving as a man well disposed to the good order and happiness of the United States.

Application by Thomas Addis for naturalization. Denied.

George A. Crutchfield, Chief Naturalization Examiner, for the United States.

DOOLING, District Judge. Thomas Addis makes application to be admitted to citizenship. He has proved his residence for the requisite period and has produced two witnesses who have testified that during his residence in this country he has, in the requirements of the statute, "behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same." Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (Comp. St. 1916, § 4352).

The examiner calls attention to the records of this court, which show that within a year the applicant pleaded guilty to an indictment which charged him with conspiring with others to violate section 10 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1089 [Comp. St. 1916, § 10174]); that is to say, conspiring to hire and retain others to enlist and go beyond the limits and jurisdiction of the United States with intent to enlist in the service of a foreign king. Upon this plea of guilty the applicant was sentenced to pay a fine of $1,000. Applicant, in response to this showing, produced a pardon from the President of the United States for the said offense.

The question then is: May the applicant, under the circumstances, be held to be one who during his residence here "has behaved as a man.

of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

I am of the opinion that the commission of an offense against the United States, which by the Criminal Code is declared to be a felony, precludes the offender from claiming successfully that he has behaved as a man well disposed to the good order and happiness of the same. While a pardon releases the punishment and blots out the existence of guilt, it does not obliterate the fact that the applicant has not behaved as one well disposed to the good order and happiness of the United States.

I say nothing of the question of good moral character, which may also be involved in the commission of the offense to which applicant pleaded guilty, as his application must be denied for the reasons stated. These views find support in Re Spencer, Fed. Cas. No. 13,234, 5 Sawyer, 195.

The application is therefore denied.