## In re McNEIL.
### No. 35041.

District Court, N. D. California, S. D.

April 14, 1936.

Chauncey Tramutolo, of San Francisco, Cal., for petitioner.

Paul Armstrong, Asst. Dist. Director, Immigration and Naturalization Service, of San Francisco, Cal., for the United States.

ST. SURE, District Judge.

John McNeil entered the United States for permanent residence on June 10, 1924. In February, 1927, he was indicted for felony embezzlement. Upon advice of counsel he pleaded guilty in the state superior court, and applied for probation, which was denied. He was sentenced to an indeterminate term of imprisonment in the state penitentiary. In February, 1929, he was paroled. On January 26, 1932, he was granted an unconditional pardon by the Governor. He filed a petition for citizenship in this court on November 27, 1935, three years and ten months after termination of parole by pardon.

Applicant states that he was ill-advised when he entered a plea of guilty to the felony charge, that he never received a cent of the money which was the subject of embezzlement, and that his guilt, if any, was purely technical. These claims of the applicant are undisputed; the government admitting that there was no criminal intent in the commission of the offense charged.

The government moves to dismiss the petition upon the ground that applicant cannot comply with the requirement of the naturalization law (Act June 29, 1906, § 4, subd. 4, as amended by Act March 2, 1929, § 6 (b), 45 Stat. 1513, 8 U.S.C.A. § 382), which provides that "No alien shall be admitted to citizenship unless (1) immediately

preceding the date of his petition the alien has resided continuously within the United States for at least five years * * * and (3) during all the periods referred to in this section he has behaved as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."

It is the contention of the government that "good moral character contemplated by the naturalization law can only be established by an applicant for citizenship during such period as the applicant is a free moral agent with the same liberties and the same limitations which are the common lot of other residents"; that a prisoner on parole is still serving a part of his sentence, the bounds of his confinement having been merely enlarged (Pen.Code Cal. § 1168); that, while a full executive pardon relieves the offender from punishment and blots out his guilt (Ex parte Garland, 4 Wall.[71 U.S.] 333, 380, 18 L.Ed. 366; Knote v. United States, 95 U.S. 149, 153, 24 L.Ed. 442), it does not change the past nor annihilate the fact that he was guilty; the effect of the pardon is prospective rather than retrospective (In re Spenser, 22 Fed.Cas. page 921, No. 13,234); and that therefore the applicant cannot be heard upon a petition for citizenship until five years after termination of parole.

The contention of the government must be sustained. The statute expressly fixes a period of five years during which it is incumbent upon the applicant for citizenship to prove to the satisfaction of the court that he has behaved as a person of good moral character, is attached to the principles of the Constitution, and well disposed to the good order of the country. In re Spenser, supra; In re Guliano (D.C.) 156 F. 420; United States v. Etheridge (D.C.) 41 F.(2d) 762.

■ The test in any naturalization case is whether the candidate is, in law and in fact, actually entitled to citizenship. The burden is upon the applicant to meet the requirements of the statute, and any doubt shall be resolved in favor of the government. United States v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889; United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302. The character of the applicant is considered with reference to the probability of his citizenship resulting beneficially to the government. In re Sigelman (D.C.) 268 F. 217.

■ Even after termination of parole and the expiration of the five-year period, it rests within the sound discretion of the court, dependent upon the facts of each case, whether the gift of citizenship shall be postponed or barred forever. In the case of In re Addis, 252 F. 886, this court, through Judge Dooling, denied citizenship to one who within a year had pleaded guilty to a charge of conspiracy to hire others to enlist in the service of a foreign king in violation of the Criminal Code, although subsequently pardoned by the President. Also in this court, through Judge Bourquin, In re Caroni, 13 F.(2d) 954, although there was a showing of ten years' good behavior after release from imprisonment for manslaughter, citizenship was denied. In re Ross (C.C.) 188 F. 685, an alien who pleaded guilty to murder in the second degree was denied citizenship, although before the offense and for more than five years after the expiration of the imprisonment his conduct revealed no cause for censure. And in Re Kornstein (D.C.) 268 F. 172, applicant who had conducted a house of assignation was permanently barred.

In the present case, petitioner's application is premature. For him, time is to be computed, under the statute, from January 26, 1932, the date of termination of parole. The motion to dismiss will therefore be granted without prejudice to the filing of a new petition five years after the date of termination of parole.