**In re LAWS.**

**No. 77330.**

District Court, N. D. California, S. D.

Nov. 10, 1944.

---

Daniel H. Lyons, of San Francisco, Cal., for Department of Immigration and Naturalization.

No appearance for petitioner.

GOODMAN, District Judge.

Petitioner, a native of Norway, filed a petition for citizenship in this court on March 30, 1944. Therein he alleged that he has continuously resided in the United States since October 25, 1911, that on May 29, 1929 he married a citizen of the United States and that said marital status still obtains. Naturalization is sought under the provisions of Sec. 310(a) of the Nationality Act of 1940, 8 U.S.C.A. § 710(a), which in substance permits the naturalization of an alien, who married a citizen of the United States between September 21, 1922 and May 24, 1934, without the making of a declaration of intention and after only one year's residence in the United States instead of five years' residence, but subject to compliance with all other statutory requirements.

Upon the hearing of the petition it appeared that petitioner was convicted in Montana on May 29, 1940 of the crime of uttering fraudulent checks, and was sentenced to a term of imprisonment in Montana State Prison. He was paroled on November 29, 1940 and was discharged from parole on February 17, 1941. It further appeared that petitioner was arrested at St. Cloud in Minnesota in the year 1939 for uttering worthless checks, but made restitution and the charge was dismissed.

The naturalization examiner recommends the granting of the petition upon the ground that petitioner's showing of good moral character for one year preceding the filing of the petition justifies the bestowal of citizenship.

The Nationality Code provides for at least five years' continuous residence in the United States prior to the filing of a petition for naturalization and also requires that a petitioner prove that he has behaved as "a person of good moral character" during the same period. 54 Stat. 1142, 8 U.S.C.A. § 707 (a). As previously noted, only one year's residence is required if naturalization is sought, as in this case, under the provisions of sec. 310(a) of the Nationality Act of 1940, 8 U.S.C.A. § 710 (a).

Since petitioner was not discharged from his parole under his Montana sentence until February 17, 1941, he is not able to show five years' previous good behavior at the time of the filing of his petition. In re McNeil, D.C., 14 F.Supp. 394; decision of Judge St. Sure.

The question presented is: Since petitioner is only required to prove one year's continuous residence prior to the filing of the petition, need he prove more than one year's "good behavior?"

The examiner contends that, since by sec. 707(a) the period of "good behavior" is made coextensive with the period of residence (to-wit five years), by the same token, the period of "good behavior" when naturalization is sought under sec. 710(a), should be coextensive with the period of residence, to-wit, one year.

In my opinion, neither reason nor authority supports such a contention.

If there is any doubt at all as to whether petitioner can satisfy the statutory prerequisites, the issue must be decided against him, inasmuch as he has the burden of proof. United States v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889; United States v. Macintosh, 283 U.S. 605, 51 S.Ct. 570, 75 L.Ed. 1302; In re McNeil, supra.

Congress clearly did not intend that the circumstance of marriage by an alien to an American citizen spouse should relieve a petitioner from substantial requirements of "good behavior" prescribed for all other aliens.

Above all else, we are concerned with the character of a petitioner. It is his character which determines whether he will make a good citizen. In re Sigelman, D.C., 268 F. 217. It is unthinkable

that we should restrict our inquiry as to this vital matter, because the period of residence is shortened, when application is made under sec. 310(a) of the Nationality Act.

Petitioner has not shown good behavior for five years prior to the filing of his petition and on that ground alone, the petition should be denied.

Furthermore, it has been held that citizenship may, in the discretion of the court, if the facts of the case so warrant, be denied or postponed, even if good behavior for the five year period is shown. In re McNeil, supra; In re Ross, 3 Cir., 188 F. 685; In re Caroni, D.C., 13 F.2d 954. These holdings have full legal justification, for the statute in no way imposes any limitation upon judicial inquiry as to the petitioner's character. All that the statute does is to make ineligible for citizenship those who cannot show good moral character for at least five years prior to the application for citizenship. It follows therefore that whether the petitioner has the burden of showing five or one year's good behavior, the inquiry of the court on the subject matter is not statutorily circumscribed.

The petitioner has not the good moral character which our naturalization laws require and should not presently be admitted.

The petition is denied.