Petition of GABIN.

No. 56012.

District Court, N. D. California, S. D.

April 23, 1945.

No appearance for petitioner.

L. H. Garner, Naturalization Examiner.

GOODMAN, District Judge.

The designated naturalization examiner has recommended the above named petitioner for citizenship.

It appears that petitioner was born in Spain on August 27, 1875, arrived in the United States in 1904, and has since continuously resided in this country. On February 4, 1921, petitioner, then being of the age of forty-five years past, pleaded guilty in the United States District Court for the District of Arizona to an indictment charging importation of smoking opium in violation of Section 2 of the Act of December 17, 1914 (38 Stats. at large 785); the court thereupon sentenced petitioner to a

term of fifteen months imprisonment at Leavenworth Federal Prison and imposed a fine of $1,000. The sentence of imprisonment was served by petitioner.

The evidence adduced at the hearing upon the petition was to the effect that petitioner "has behaved as a person of good moral character" for at least five years prior to the filing of the petition for naturalization, thus satisfying the requirement of 8 U.S.C.A. Sec. 707(a). The "behavior" of the petitioner, however, amounts substantially to the following: For the past fifteen or twenty years, applicant has performed no useful work or labor, being supported by public relief agencies and by members of his family because of alleged ill health. He is now almost seventy years of age and for the first time applies for the privilege of citizenship. Thus the evidence as to his "behavior" is of a purely negative character. The examiner contends that petitioner, having shown behavior as a person of good moral character for the specified five year period, without more, should be admitted to citizenship.

But the court is not restricted in its inquiry concerning the fitness of would-be citizens to the five year period. In re McNeil, D.C., 14 F.Supp. 394; In re Ross, C.C.Pa., 188 F. 685; In re Caroni, D.C., 13 F.2d 954; In re Laws, D.C., 59 F.Supp. 179; In re Balestrieri, D.C., 59 F.Supp. 181.

The aforesaid period merely fixes the minimum requirement which petitioners for citizenship must meet. 8 U.S.C.A. § 707(a).

Convicted, as he was, of engaging in the narcotic traffic for profit, while a mature man, petitioner is not, in my opinion, worthy of American citizenship. The unlawful sale or traffic in narcotics contributes more in the aggregate to human misery and degradation than any other species of human dereliction. The formal showing by petitioner that his behavior has been of a purely negative character, neither good nor bad, in the many years following his conviction, amounts at the most to a claim that the mere passage of time has made him worthy of the valuable privilege of American citizenship. However, citizenship is not a perquisite of advanced years. It is not a prize awarded for mere survival. If there were any showing of conduct of a more positive nature or character indicative of a real appreciation of the obligations of citizenship or of sacrifices made or contribution to the public weal, and the like, the petition would carry more persuasive appeal.

The petition for citizenship is denied.