**In re LIPSITZ.**

No. 28544.

United States District Court
D. Maryland.

Sept. 21, 1948.

Naturalization denied.

C. R. Berg, of Baltimore, Md., Chief, Status and Nationality Section, Division of Immigration and Naturalization.

WILLIAM C. COLEMAN, District Judge.

The Court reaches the conclusion that naturalization must be denied this petitioner at this time, because of his past criminal record.

The provisions of the Nationality Code here involved are contained in Section 307(a) of that Code, 8 U.S.C.A. § 707(a), as follows: "No person, except as hereinafter provided in this chapter, shall be naturalized unless such petitioner, (1) immediately preceding the date of filing petition for naturalization has resided continuously within the United States for at least five years and within the State in which the petitioner resided at the time of filing the petition for at least six months, (2) has resided continuously within the United States from the date of the petition up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."

A petition for naturalization was filed by this petitioner on February 5, 1948. On January 27, 1943, petitioner was released unconditionally from the Maryland State Penitentiary after serving ten years imprisonment for the crime of attempted extortion of money, and also for assault in connection with a conspiracy to kidnap, and the actual kidnapping of a young Baltimore man. He pleaded guilty to the commission of these offenses, obviously of a very grave character, and on June 1, 1933, was given a total sentence of thirteen years by the State Court. While denied a parole, under the Maryland law some three years was subtracted from his original sentence for good behavior while undergoing his sentence, and he has received a pardon from the Governor of Maryland.

There is no question presented with respect to the petitioner's educational qualifications or length and continuity of petitioner's residence within the United States or the State of Maryland. He is a native and national of Lithuania, 41 years of age, but has resided continuously in Maryland since 1913. At the present time he is employed as a linotype operator. It is his contention that because, throughout the period, slightly in excess of five years, from the time of his release from the Maryland State Penitentiary until the date he filed his petition for naturalization, as well as up to the present time, he "has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States," he has fully met the requirements of the statute and therefore is entitled to be naturalized. At the hearing, the representative of the Naturalization Service not only recommended admission to, but affirmatively supported petitioner in his claim that he be granted citizenship. In short, it is contended that since petitioner has no other criminal record than the one referred to, and since his character and loyalty record was un-

sullied during the entire statutory residence period named in the statute—facts as to which no evidence to the contrary has been presented—petitioner has completely proved himself worthy of admission to American citizenship at the present time. However, with this we do not agree. To do so we believe would be giving a too liberal interpretation to the naturalization statute, in derogation of its proper application in a case of this kind.

■ It is true that the naturalization statute above quoted says nothing about the necessity for a petitioner for naturalization being "of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States" *prior* to the beginning of the five year period as defined in the statute. But naturalization is a high privilege and the right to it is not to be measured merely by rule of thumb or lapse of time. The naturalization statute does not give absolution to the present petitioner from the fact that during the five years and nine days that elapsed between his release from prison and the filing of his petition he has been, in so far as disclosed, a law-abiding person of good moral character and attached to the principles of the Constitution; nor does it do so because petitioner has been granted a pardon by the State of Maryland. The statute does not draw a curtain across any part of petitioner's past. It merely says that if his record for five years next preceding the filing of a petition for naturalization has not been in conformity with the standards set by the statute, then a petition filed under those conditions shall, by reason thereof, be denied. But this relates merely to the minimum requirement that a petitioner for naturalization must meet. The statute does not say either expressly or impliedly, as we construe it, that petitioner's record further back than these five years may not *also* be treated as ground for denying the petition, if the court, in the reasonable exercise of discretion, determines that such record is *so bad* or *if good, is so relatively recent* as to raise a material doubt as to whether petitioner should be treated as worthy of citizenship, in the sense of being capable of satisfactorily exercising its high duties and privileges, at least until he has stood the test of longer residence in this country. See In re Bookschnis, D.C., 61 F. Supp. 751; Petition of Gabin, 60 F.Supp. 750; In re Laws, D.C., 59 F.Supp. 179; In re Balestrieri, D.C., 59 F.Supp. 181; In re Taran, D.C., 52 F.Supp. 535; In re McNeil, D.C., 14 F.Supp. 394; In re Caroni, D.C., 13 F.2d 954; In re Ross, C.C., 188 F. 685.

■ Each case must be decided on its own particular facts. This petitioner is now forty-one years old. He was brought to this country from Lithuania at the age of seven. He has never sought American citizenship before. He has lived in the Maryland District for thirty-four years. He stated to the Court that he does not even know whether his mother has ever become naturalized in this country. In the grave offenses for which he was severely and justly punished, he was associated with hardened criminals. It is claimed that at the time he was a weak young man, the victim of the influence of bad associates, and that he has completely reformed for good and all, as evidenced by his excellent record, and his home and business life since his release from prison

■ It is to be hoped the prognosis is correct that this apparently complete rehabilitation will remain permanent. Surely, society should assist, in every appropriate way, every such person to resume a place of respectability and usefulness in his community. However, the granting of citizenship is not the kind of help that is to be lightly or sentimentally given. It is a high privilege, the right to which having once been denied for very serious cause, should never, in the opinion of this Court, be later granted in the absence of convincing proof established over a longer period of time than has expired in the present instance, that the applicant is worthy of it. Any doubt on this question must be resolved in favor of the Government. United States v. Macintosh, 283 U. S. 605, 51 S.Ct. 570, 75 L.Ed. 1302; United States v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889.