**MOLSEN v. YOUNG.**

No. 12959.

United States Court of Appeals
Fifth Circuit.

May 26, 1950.

Rehearing Denied June 23, 1950.

William A. Rembert, Jr., Searcy L. Johnson, Dallas, Tex., for appellant.

Frank B. Potter, U. S. Atty, Fort Worth, Tex., for appellee.

William Burrow, Dallas, Tex., for amicus curiae.

Before HOLMES, McCORD, and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

Appellant, Heinrich Friedrich Gustav Herman Molsen, a German alien, filed a petition for naturalization on August 16, 1948, under the provisions of Section 311 of the Nationality Act of 1940. Title 8 U.S.C.A. §§ 707(a), 711, 733, and 734. On June 25, 1949, his petition and application for United States citizenship was denied.

The question here presented is whether the district court properly found that petitioner had failed to establish that he was attached to the principles of the 'Constitution and well disposed to the good order and happiness of the United States, as required by the statute.

The record discloses that petitioner lawfully entered the United States on September 24, 1925, and that he has since that time been engaged in this country in the cotton business. He is married to a naturalized American citizen, and has three children. He resides with his family in Dallas, Texas.

The report of the naturalization examiner, which was submitted to the trial court at the hearing, reveals that petitioner was taken into custody as an alien enemy on December 8, 1941; that on January 27, 1942, he was ordered paroled; that on February 27, 1942, he was again taken into custody and interned on April 4, 1942; that on November 12, 1942, the Attorney General ordered that he be paroled; that on September 8, 1945, he was again ordered interned, and was not ordered to be released by the Attorney General until December 3, 1945. It was further shown that in certain reports submitted by the War Department to the Committee on Military Affairs of the United States Senate [1] petitioner was listed as a member of the Nazi Party living in the United States. These reports show the Nazi Party membership number of petitioner as 3603949, the date of his entry into the party as March 1, 1935, his date of birth as April 14, 1900, in Lingen Ems, Germany, and his last recorded address as "Post Office Box 2115, Dallas, Texas". The original Nazi Party membership records were found in Germany about September, 1945, by the United States Army, and have since that time been in the possession of the Office of U. S. Military Government for Germany. The War Department has furnished a photostatic copy of the original Nazi Party records relating to the petitioner, Heinrich Molsen.

In a letter dated July 15, 1940, written by the petitioner to one George W. Hirschfeld at Bremen, Germany, petitioner commented on the fact that shortly after the Armistice of World War I, he had said that Germany would receive another chance. In this letter, he made the following statement: "Germany's success, every bit of it, was accomplished by its own tireless work, and it is now impossible that the fruits of their work will be taken away from them. The fundament will last long! A new period is starting! We only see the outer workings yet, but it has been conceived in all phases of life long before. It makes me proud naturally, after what I had said before as a German citizen, to be a member of the new state which arrived. Those few inconveniences which I suffer now bleach before the sun which is rising, and will soon be forgotten. The atmosphere over here will, no doubt, clarify too. It might be the last country which follows in step, but it must. The longer the wait the more painful it must be."

In another letter, dated July 19, 1940, to a German firm at Bremen, Germany, petitioner again revealed his strong pro-

[1]. 79th Congress, 2d Session, Subcommittee Print, Parts 1 and 2.

German attitude prior to this country's entry into the recent war.[2] He first denied having written these two letters, but later admitted having done so. With reference to his affiliation with the Nazi Party in Germany, petitioner testified that in 1935, while visiting in Germany, he applied for membership in the Nazi organization in order to protect a relative in that country who was supposedly in·danger of persecution because of her anti-Nazi sentiments, but that he never paid any, dues to the party or had any further connection with it. On behalf of petitioner, several witnesses testified that he was of good moral character, and attached to the principles of the Constitution. However, the record contains affidavits of certain witnesses, which were embodied in a supplemental report of the examiner introduced at a second hearing before the court, to the effect ·that on various occasions in the year 1940 before the United States entered the war petitioner and certain other persons attended lunches at a restaurant in Dallas; that on these occasions they would place a German swastika flag on the table and give a "Heil Hitler" salute; and that during the month of September, 1939, shortly after the recent war began, he and certain other persons would congregate about a radio at a liquor store in Dallas to listen to German news broadcasts, and that on such occasions they would become boisterous and jubilant upon hearing the reports of how the German armies were overrunning Austria and Poland.

Section 307(a) of the Nationality Act of 1940, as embodied in Title 8 U.S.C.A. § 707(a), provides: "(a) No person, except as hereinafter provided in this chapter, shall be naturalized unless such petitioner, * * * (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."

■ Thus, under the above quoted provision of our Naturalization Act, attachment to the principles of our Federal Constitution has been prescribed by the Congress as an indispensable prerequisite to naturalization and admission to United States citizenship. Moreover, it is well settled that the burden is on the petitioner in a naturalization proceeding to prove by competent and satisfactory evidence that he can in good faith satisfy both the letter and spirit of the statutory qualification. Tutun v. United States, 270 U.S. 568, 578, 46 S.Ct. 425, 70 L.Ed. 738; United States v. Schwimmer, 279 U.S. 644, 649, 49 S.Ct. 448, 73 L.Ed. 889; In re Vasicek, D.C., 271 F. 326; United States v. Macintosh, 283 U.S. 605, 626, 51 S.Ct. 570, 75 L.Ed. 1302; United States v. Manzi, 276 U.S. 463, 467, 48 S.Ct. 328, 72 L.Ed. 654.

■ Our Court of Last Resort, in the case of United States v. Schwimmer, 279 U.S. 644, 649, 49 S.Ct. 448, 449, laid down the rule to guide us in naturalization proceedings thus: "Because of the great value of the privileges conferred by naturalization, the statutes prescribing qualifications and governing procedure for admission are to be construed with definite purpose to favor and support the government. And, in order to safeguard against admission of those who are unworthy, or who for any reason fail to measure up to required standards, the law puts the burden upon every applicant to show by satisfactory evidence that he has the specified qualifications."

■ The Supreme Court has also held that in a naturalization proceeding any doubt as to whether the petitioner possesses the necessary statutory qualifications should be resolved in favor of the Government and a denial of the application for citizenship. United States v. Manzi, 276 U.S. 463, 467, 48 S.Ct. 328, 72 L.Ed. 654; United

2. In this second letter, petitioner wrote: "The success of German Military Forces, naturally, have been received with the greatest joy by us, and as a participant of the World War, I know you can understand this. The swiftness of the Military actions, and the changes caused by them * * * makes it seem to be a dream * * *"

States v. Macintosh, 283 U.S. 605, 626, 51 S.Ct. 570, 75 L.Ed. 1302.

■ A careful consideration and review of the authorities in the light of only the relevant and competent evidence here adduced leads us unerringly to the conclusion that this petitioner has failed to establish his attachment to the principles of the Constitution of the United States, as required by the Nationality Act of 1940. Title 8 U.S.C.A. § 707(a); United States v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed. 889; United States v. Macintosh, 283 U.S. 605, 616, 51 S.Ct. 570, 75 L.Ed. 1302.

■ We find no merit in the contention that the trial court, in its inquiry concerning the petitioner's alleged attachment to the principles of the Constitution and good moral character, was limited to the statutory period of five years prior to the filing of the petition for naturalization. The statute does not require that the evidence necessary to meet the tests of loyalty and good character be confined to the five year period. It merely disqualifies for citizenship those who cannot show the requisite loyalty and good moral character for at least five years prior to their application, and thereby fixes the minimum requirement as to these statutory qualifications which petitioners for citizenship must meet. See In re Ross, C.C., 188 F. 685; United States v. Etheridge, D.C., 41 F.2d 762, 763–764; Petition of Gabin, D.C., 60 F.Supp. 750; In re Laws, D.C., 59 F.Supp. 179, 181; Petition of Ludecke, D.C., 31 F.Supp. 521, 523.

■ It is well settled that the high privilege of United States citizenship is conferred upon an alien not as an absolute right, but solely as a matter of legislative grace. Congress has manifested a clear intention in this enactment to grant citizenship only to those persons from foreign shores who have by their behaviour and conduct in some measure demonstrated their loyalty and good faith allegiance to our Constitution, and to those great principles of freedom and liberty from which our Republic found life.

We conclude that under the circumstances shown, the trial court was justified in finding that in view of the petitioner's admitted behaviour and strong attachment to his native country prior to the recent war, and his frequent internment as an enemy alien during the war, "his desire to appear as having recanted, repented, and changed about" in his attitude toward this country since the inception of the statutory period was not satisfactorily proven. To the contrary, it is without dispute that during the many years of this petitioner's residence in the United States before the last war he was engaged in paying allegiance to his native land, and never once during that period sought United States citizenship. He waits and speculates until the power and might of the United States and her allies has laid prostrate the armed forces of his native Germany, and thereafter he appeals to the United States to grant his petition for naturalization.

The petition was properly denied.
Affirmed.