## MARCANTONIO v. UNITED STATES.
### No. 6166.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 10, 1950.

Decided Dec. 16, 1950.

Melvin J. Sykes and Melvin S. Silberg, Baltimore, Md., for appellant.

Bernard J. Flynn, U.S. Atty., Baltimore, Md., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal in a naturalization case. The Naturalization Examiner recommended that the petition for naturalization be granted, finding that the requirements of the law had been complied with by petitioner and that he had been a person of good moral character for the period of five years immediately preceding the filing of the petition and up to the present time. The judge below heard no evidence in the case; but the stipulation of facts and of evidence which would have been produced if allowed establish that petitioner is now, and has been since 1942, a man of good moral character. The order denying naturalization was based on convictions of crime occurring in 1928, 1934, 1938 and 1940, for which he had been pardoned. The judge said: "I see no reason for deciding differently from what I did in Re Lipsitz [D.C.] 79 F.Supp. 954. As I stated there, the statute does not say, either expressly or impliedly, as I construe it, that petitioner's record further back than five years may not also be treated as grounds for denying the petition, if the Court, in the reasonable exercise of discretion, determines that petitioner's record is so bad, or if good, that part that is good is so relatively recent as to raise a material doubt as to whether petitioner should be treated as worthy of citizenship in the sense of being capable of satisfactorily exercising its high duties and privileges, at least until he has stood the test of longer residence in this country. Here we have a man who has been found guilty of and has been imprisoned for four felonies for over six years. The question involved is not to be decided merely by how long petitioner has been out or how long he has been in prison, but by the character of his offenses, committed long ago, whether five, ten or fifteen or more years. The Court must determine, from all of the facts, whether petitioner is the type of man who ought to be admitted to citizenship at this time. The Court has assumed that what has been said here by the Commissioner of Naturalization is capable of proof and is uncontradicted, i. e., that the man gives much evidence of having reformed and that his conduct at the present time is, and for some time past, has been good. But I do not think, with respect to a man with as bad a record as this petitioner has, that the Court should treat the statute in the literal fashion as the Government is doing in this case."

Petitioner was born in Italy in 1901. He came to the United States in 1922. He became involved in the unlawful liquor business in Baltimore and was three times convicted and sentenced to terms of imprisonment in connection therewith. These convictions, which were in the federal courts, were in 1928, 1938 and 1940 and the sentence under the last conviction expired May 26, 1942, more than five years prior to the filing of the petition herein. In 1934 petitioner got into a fight in a bar with another illegal liquor dealer who had been stealing liquor from him. Both men were armed and in the course of the fight petitioner shot his adversary inflicting a slight wound on him. For this he was charged with assault with intent to murder

in the state court and was sentenced to three years imprisonment. In 1946 he was granted a full pardon by the President of the United States of the federal offenses of which he had been convicted and in 1949 was pardoned by the Governor of Maryland of the state offense. The petition for naturalization was filed June 10, 1947, and was denied May 22, 1950.

The record in the case shows unquestionably that defendant has reformed since his last conviction and has been a man of good moral character. He has quit the illegal liquor business and has engaged successfully in business as a contractor. He attends his church and takes an interest in its affairs. He is educating his family and has one son who has served honorably in the armed services of our country and another who has completed three years of study in college. The police sergeant who made investigation of the case in which he was convicted in the state court states that since he was last released from prison, about eight years ago, "he has been an honest and upright member of the community. He is a good father and provides for his family and has never given the police any more trouble." The Naturalization Examiner in presenting the case to the court, and recommending that the petition be granted, said: "The position of the Service is this, Judge, that we believe it was the intent of Congress in the Naturalization Law to allow for reform, for rehabilitation. This case has had extensive investigation and this petition has been held in a pending status for nearly three years. It was filed in June, 1947, and we have been keeping this man under observation. We have found that since May, 1942, when he was last released from prison, he has had profitable, lawful employment, lived with his family, conducted himself as a man of good moral character and the petitioner asserts, likewise, that he has in no way been involved in any rackets or anything else and he asks for the privilege today of introducing through his counsel, Mr. Silberg, such evidence as the court may desire, or which the petitioner may request to prove his assertion of good moral character."

█ · The judge stated that he accepted the statement of the trial examiner as to the facts and that he did not think it necessary to hear additional evidence because he was of opinion that upon the facts appearing as to the prior convictions the petition should be denied. In this we think there was error. We entirely agree that evidence of offenses committed prior to the five year period prescribed by the statute could be received and considered with other evidence as a basis for finding that the petitioner had not shown good character within the five year period and at the time of the application as the statute requires. Molsen v. Young, 5 Cir., 182 F.2d 480, 483; Yuen Jung v. Barber, 9 Cir., 184 F.2d 491.[1] No such finding was made, however, and on the record, we think, none could be made. The petition was denied on the ground, not that petitioner was not of good moral character or that he had not been of good moral character for the five year period peceding the filing of the petition, but that prior to that period he had been convicted of crimes which in the opinion of the judge raised a doubt as to whether he should be treated as "worthy of citizenship in the sense of being capable of satisfactorily exercising its high duties and privileges". The effect of this was to impose a condition not imposed by the statute, which provides, Nationality Act of 1940, sec. 307(a), 8 U.S.C.A. § 707(a): "No person, except as hereinafter provided in this chapter, shall be naturalized unless such petitioner, (1) immediately preceding the date of filing petition for naturalization has resided continuously within the United States for at least five years and within the State in which the

---

[1]. See also In re Caroni, D.C., 13 F.2d 954; In re Ross, C.C., 188 F. 685; In re Kornstein, D.C., 268 F. 172; United States v. Kichin, D.C., 276 F. 818; In re McNeil, D.C., 14 F.Supp. 394; In re Paoli, D.C., 49 F.Supp. 128; In re Taran, D.C., 52 F.Supp. 535; In re Laws, D.C., 59 F.Supp. 179; In re Balestrieri, D.C., 59 F.Supp. 181; Petition of Gabin, D.C., 60 F.Supp. 750; In re Spenser, 22 Fed.Cas.No.13,234, page 921.

petitioner resided at the time of filing the petition for at least six months, (2) has resided continuously within the United States from the date of the petition up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States."

■ The learned judge below did not distinguish, we think, between considering evidence of crimes committed prior to the five year period as bearing upon the question of character within that period and denying a petition for naturalization on the basis of such crimes. The former is permissible for the reason that the judge may consider any proper evidence having reasonable tendency to prove or disprove good character; and the fact of petitioner's having committed serious crimes at any time during his life has a bearing on his character. It is not permissible, however, to base denial of naturalization on the commission of crimes prior to the five year period, for the effect of this is to add to the statute a condition which it does not contain. The test which the statute prescribes is good moral character as that term is generally understood, not the judge's idea of the "type of man who ought to be admitted to citizenship"; and to deny naturalization when the required good character within the five year period and at the time of application is shown because the judge is of opinion that applicant is not of the type which should be admitted to citizenship because of crimes committed prior to the crucial period, is to add to the statute a test which Congress has not seen fit to impose. This the judge may not do. As said by this court in Schwab v. Coleman, 4 Cir., 145 F.2d 672, 677, 156 A.L.R. 355: "While a wide discretion is lodged in the judge who hears a petition for naturalization, this discretion cannot be exercised arbitrarily or in a manner which adds to the requirements contained in the act, which must be liberally construed in favor of the petitioner."

■ Pertinent in this connection is what was said by the Supreme Court in Tutun v. United States, 270 U.S. 568, 578, 46 S.Ct. 425, 427, 70 L.Ed. 738, speaking through Mr. Justice Brandeis, as follows: "The opportunity to become a citizen of the United States is said to be merely a privilege, and not a right. It is true that the Constitution does not confer upon aliens the right to naturalization. But it authorizes Congress to establish a uniform rule therefor. Article 1, § 8, cl. 4. The opportunity having been conferred by the Naturalization Act, there is a statutory right in the alien to submit his petition and evidence to a court, to have that tribunal pass upon them, and, if the requisite facts are established, to receive the certificate."

■ In Petition of Zele, 2 Cir., 140 F. 2d 773, 776, the Court of Appeals of the Second Circuit dealt with the precise question involved, in the following passage which was quoted with approval by this court in Schwab v. Coleman, supra, viz.: "Under the law the burden is on the petitioner to establish good moral character only during the five-year period, not earlier. Petition of Zele, 2 Cir., 127 F.2d 578; United States v. Clifford, 2 Cir., 89 F.2d 184; United States v. Rubia, 5 Cir., 110 F.2d 92; In re Aldecoa, D.C.Idaho, 22 F.Supp. 659, 661. And it has consistently been construed liberally so as to sanction forgiveness after the expiration of five years from the date of a disbarring misdeed. In re Trum, D.C.W.D.Mo., 199 F. 361; In re Centi, D.C.W.D.Tenn., 217 F. 833; In re Guliano, D.C.S.D.N.Y., 156 F. 420; United States v. Mirsky, D.C.S.D. N.Y., 17 F.2d 275; In re Nagy, D.C.S.D. Tex., 3 F.2d 77; Application of Polivka, D.C.W.D.Pa., 30 F.Supp. 67. See, also, In re Schlau, 2 Cir., 136 F.2d 480."

See also to the same effect Yuen Jung v. Barber, supra, Daddona v. United States, 2 Cir., 170 F.2d 964; Application of Murra, 7 Cir., 178 F.2d 670; Petition of Gani, D.C., 86 F.Supp. 683, 686; Petition of Sperduti, D.C., 81 F.Supp. 833.

■ It appears from the record before us that there is no question as to petitioner's good character at this time and

938

for the five year period that the statute prescribes, even though consideration be given to the prior crimes of which he has been guilty. That a man may turn from evil and rehabilitate his character is universally recognized; and the record here leads irresistably to the conclusion that this petitioner has really turned from a life of law violation to one of upright living. Indeed it is not disputed that the applicant was a man of good moral character during the five year period. The order appealed from will accordingly be reversed and the case will be remanded with direction to grant the petition for naturalization.

Reversed.