### Petition of WILLIS.

United States District Court, E. D. Virginia, Norfolk Division. Sept. 28, 1951.

Case submitted by Examiner for Immigration and Naturalization Service.

338

BRYAN, District Judge..

At the time Emma Willis filed her petition she was under parole for the unexpired portion of a felony sentence from a New York State court, and the sole question is whether a pardon is prerequisite to her naturalization.

Now fifty-three, she has resided in the United States since her lawful entry in 1923, and having married an American citizen prior to 1934, she needs but one year of residence to qualify for naturalization.[1] In addition, for the five years preceding her petition she must have been, and she must now be, a person of good moral character.[2]

Investigation of her conduct for this period has unearthed no misbehavior of any kind. Her sentence, imposed June 18, 1931, was 10 to 20 years on a charge of accessory to robbery. Her parole began in 1938 and ended January 9, 1951. During its continuance she attained and held favorable adjustment. It was on August 16, 1949 that she presented her application for citizenship.

The Immigration and Naturalization Service recommends that she be awarded her citizenship, but because she was under parole when she petitioned, as well as during the preceding five years, the Examiner especially directed the attention of the Court to her case.

Strong authority sustains the Service in its recommendation. The courts have declared that present good character plus exemplary conduct of the alien for the 5-year period, although all the while under parole, satisfies the statute, absent any previous offense projecting a doubt into the statutory period upon the applicant's character.[3] I hesitated because I observed that in all of these cases, a pardon had been first obtained by the petitioner. Without a pardon the applicant, if successful, would acquire a citizenship lacking in many of its important properties—those privileges, such as holding public office, voting, and jury service, of which a citizen is commonly stripped by a State upon his conviction of a felony. I questioned the logic of conferring a citizenship so pared.

Upon reflection I have concluded that in the circumstances here, with undoubted proof of her good character, I should not hold a pardon to be a prerequisite to her admission to citizenship. To do so would impose a condition not expressed or implied in the naturalization acts. It might, too, place naturalization dependent upon State action when it is exclusively a Federal prerogative. Moreover, this limitation of her civil rights is not incompatible with citizenship; it is found in native citizenship having the imprint of a felony judgment.

Her petition will be granted.

---

1. Sec. 310(a), Nationality Act of 1940, 8 U.S.C.A. § 710(a).

2. Sec. 307(a), Nationality Act of 1940, 8 U.S.C.A. § 707(a); Petition of Ludecke, D.C.Mich., 31 F.Supp. 521; In re Book-schnis, D.C.Or., 61 F.Supp. 751; In re Laws, D.C.Cal., 59 F.Supp. 179.

3. Daddona v. United States, 2 Cir., 170 F. 2d 964; Marcantonio v. United States, 4 Cir., 185 F.2d 934; Petition of Sperduti, D.C., 81 F.Supp. 833.