### BRUKIEWICZ v. SAVORETTI.
### No. 14779.

United States Court of Appeals
Fifth Circuit.
March 31, 1954.

542

Joseph Pardo, Miami, Fla., Stephen Brukiewicz, in pro. per. for appellant.

James L. Guilmartin, U. S. Atty., Douglas P. Lillis, Dist. Director, Miami, Fla., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

STRUM, Circuit Judge.

On August 28, 1951, appellant, a Polish national, filed a petition for naturalization under the Nationality Act of 1940, then in effect but now repealed. The petition was denied below, and petitioner appeals.

It appears from the record that petitioner was accorded at least three preliminary examinations as to his qualifications for citizenship, followed by a final hearing on or about November 12, 1952, at Miami, Florida, before a designated naturalization examiner who went fully into the facts. The examiner found that petitioner during the five years preceding the filing of his petition had contracted various financial obligations with intent to defraud, in that he had neither the means nor intention to repay them, and that both before and since his divorce he had failed to properly support his wife and children, leaving them largely dependent upon charity agencies for the necessities of life.

Based upon these facts, the examiner found that petitioner was not of good moral character, and recommended denial of his petition. See Section 307(a), Nationality Act of 1940; 54 Stat. 1142,

chapter 876, § 307(a), now 8 U.S.C.A. §§ 1427(a–c), 1441(a) (2). There was no request by the petitioner for a hearing before the district judge, and none was had, but on November 13, 1952, the district judge denied the petition, based upon the examiner's findings, and thereafter denied a petition for review.

 The facts found by the examiner fully sustained his conclusion that petitioner's character does not measure up to that of the average citizen, which is one of the tests of "good moral character." Nothing being shown to the contrary, and there being no request by the petitioner for a hearing in open court, the district judge was justified in denying the petition.

Citizenship by naturalization is not demandable as of right. It is a privilege gained by those who meet the qualifications imposed by Congress. These qualifications are construed "with a definite purpose to favor and support the government," the burden being upon the petitioner throughout to establish his qualifications. Any doubt is resolved against the petitioner. Molsen v. Young, 5 Cir., 182 F.2d 480; U. S. v. Schwimmer, 279 U.S. 644, 49 S.Ct. 448, 73 L.Ed 889; Petition of Correa, D.C. 79 F.Supp. 265.

It is only when all qualifications have been met, and all statutory requirements complied with, that a "right" to be naturalized arises. Tutun v. U. S., 270 U.S. 568, 578, 46 S.Ct. 425, 70 L.Ed. 738, 742; Marcantonio v. U. S., 4 Cir., 185 F.2d 934; Schwab v. Coleman, 4 Cir., 145 F.2d 672, 156 A.L.R. 355.

A wide discretion is vested in the trial judge in determining whether or not "good moral character" exists. It is to be determined as that term is generally understood, but petitioner's character must measure up to that of the average citizen in the community in which he resides before he is entitled to citizenship by naturalization. Marcantonio v. U. S., 4 Cir., 185 F.2d 934, supra.

We find no fault with the procedure followed here, which is fully authorized by law. In re Jow Gin, 7 Cir., 175 F.2d 299, 302; Section 333(a), Nationality Act of 1940; 54 Stat. 1156, chapter 876, § 333; 8 U.S.C.A. § 733(a); now covered by 8 U.S.C.A. § 1446(a–e). Neither have we any difficulty in approving the findings and recommendations of the naturalization examiner, upon which the trial judge acted, that petitioner has not borne the burden of showing good moral character for the five years preceding the filing of his petition, as required by Section 307(a), supra. We shall, however, affirm the judgment denying the petition without prejudice to the filing of a new petition if and when petitioner can meet the requirements of the statute.

Affirmed, without prejudice.