In the Matter of Petition for Naturalization of Antonio Maria PRUNA.

No. 7998.

United States District Court
D. Puerto Rico.

July 29, 1968.

---

Dominic T. Longo, Dist. Director, Immigration and Naturalization Dept., and William M. Darlington, Gen. Atty., Immigration and Naturalization Dept., San Juan, P. R., for petitioner.

## OPINION GRANTING PETITION FOR NATURALIZATION

CANCIO, Chief Judge.

This matter coming on to be heard on the Designated Examiner's recommendation pursuant to Title 8, Section 1446(d) of the United States Code, the court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

The Petitioner, a 28 year old native and citizen of Cuba, filed his petition

for naturalization in this court on October 18, 1966, on which date a preliminary examination of the petitioner was conducted pursuant to the provisions of Title 8, United States Code, Section 1446, by a Designated Naturalization Examiner of the Immigration and Naturalization Service of the United States Department of Justice. The Examiner thereafter filed with the court a recommendation that the petition for naturalization be granted.

The issue in this case is whether the petitioner has established attachment to the principles of the Constitution of the United States and favorable disposition to the good order and happiness of the United States during the period required by law, that is, since October 18, 1961, and whether he has established he is not ineligible for naturalization by reason of membership in or affiliation with anarchistic or communistic or other totalitarian entity described in Section 313 of the Immigration and Nationality Act (8 U.S.C. § 1424).

The issues arise from the fact that petitioner was a member of the 26th of July Movement and in connection with his membership in the movement in a propaganda move in 1958 he was arrested for running into the playing field of Yankee Stadium in New York City in the middle of the fifth game of the World Series with a banner "Castro's Invasion Frees Cuba." He appeared in court and in that he was eighteen years old, the judge dismissed the case as an idealistic act. In his testimony before the Designated Naturalization Examiner, and before this court, he testified he joined the 26th of July Movement with the hope that Cuba might be able to free itself from an oppressive and dictatorial regime; and that he discontinued his membership in October, 1960, when he realized the movement was becoming Communistic.

## CONCLUSIONS OF LAW

■ Evidence of crimes committed prior to the five year statutory period may be received and considered with other evidence in determining whether petitioner has shown good moral character within the statutory period, but it is not permissible to base denials of naturalization on acts committed prior to the five year period. To do so would be to add a condition to the statute not contained therein. Marcantonio v. United States, (4 Cir., 1950) 185 F.2d 934. "Under the law the burden is on the petitioner to establish good moral character only during the five-year period, not earlier." Petition of Zele, (2 Cir., 1944) 140 F.2d 773, 776. A liberal construction has been given the statute so as to sanction forgiveness after the expiration of five years from the date of a disbarring misdeed. Marcantonio v. United States, supra.

■ This court is of the opinion, and so concludes, that the petitioner's arrest in 1958, an isolated offense, does not preclude his establishing good moral character during the required period.

■ Attachment to the principles of the Constitution of the United States and favorable disposition to the good order and happiness of the United States have been requirements for naturalization ever since the earliest such legislation was enacted, and it has been held that the statute regarding attachment "requires a willingness on the part of the alien to throw in his lot with our society and make its fate his own." See In re Sittler's Petition, (N.Y.1961) 197 F.Supp. 278, 280. The court is also of the opinion that the petitioner's membership and activities in connection with the 26th of July Movement, which terminated in 1960, was not incompatible with attachment and favorable disposition, and concludes that he meets the requirements of Section 316(a).

■ Finally, this court concludes that petitioner's membership in the 26th of July Movement, an organization not proscribed by name in Section 313, was performed in belief that the objective of the Movement was the restoration to the Cuban people of a representative and democratic government patterned after that of the United States and without

any awareness on the petitioner's part that the organization could be in any way connected with and dominated by a Communist Party, there could be no "meaningful association" on the petitioner's part. Gastelum-Quinones v. Kennedy, 374 U.S. 469, 471, 83 S.Ct. 1819, 10 L.Ed.2d 1013 (1963).

Thus, in the light of all the facts, the petitioner's testimony in court, and the Examiner's recommendation, this court is satisfied that the petitioner has established his eligibility for naturalization and adopts the findings of fact and conclusions of law of the Designated Examiner.

Let judgment be entered accordingly.