**Petition for Naturalization of B.**
**No. 38290.**

United States District Court
D. Maryland.
Sept. 18, 1957.

F. Alfred Petersam, Baltimore, Md., for I. N. S.

A. Freeborn Brown, Belair, Md., for petitioner.

THOMSEN, Chief Judge.

Petitioner has the burden of showing, inter alia, that she was a person of good moral character during the period of five years immediately preceding June 20, 1957, the date of filing her petition for naturalization, and that she still is a person of good moral character.

Two sworn statements made by petitioner, a report of investigation made by an investigator of the I. N. S. in 1955, and a number of other papers were offered in evidence by the government without objection. Petitioner's counsel offered in evidence several letters and statements, and called to the stand petitioner, her doctor-landlord, the manager of the tavern-restaurant in which she works as a waitress, and a sergeant of police in the small town in which she lives.

Petitioner, a native of Germany, has been married twice. Her first marriage, to a German, was terminated by divorce in 1946. Petitioner says that they gave adultery on both sides as a reason, but she says that her representation to the German court that she had been guilty of adultery was untrue. In 1948 she married an American soldier and came to this country with him. She admits that she was guilty of adultery in 1951 as the result of an affair with a man in Massachusetts. Despite this episode, her husband was still fond of her; they became reconciled in 1952, and lived together until March, 1954, except while he was in a hospital for several months in 1952 and in Japan from March, 1953, until January, 1954. In March, 1954, her husband was stationed in France, and he asked petitioner to join him. She refused to do so, and has given various reasons therefor, but I find that her continuing refusal was not justified. Indeed, her husband obtained a divorce from her in 1956 on the ground of desertion.

The weight of the evidence is that petitioner is a good worker, a good seamstress, a neat housekeeper, and an acceptable tenant to her landlord and his household. However, the I. N. S. investigator turned up a good deal of derogatory material in 1955, including a statement by two police officers that "it is known about" that "all a fellow had to do was to take a pair of trousers to her apartment to be repaired and the rest was up to him as to having sexual relations with subject", a statement that she had been seen in a parked automobile with a sailor in the early morning hours, and reports that various men visited her apartment. Petitioner denied these and other charges; her original denials were so sweeping that several of them had to be qualified later. The police sergeant who was called as her witness admitted in effect that her general reputation in the community for chastity was not good, but said that the statement of the two officers referred to above was based on hearsay.

■ General reputation in a community is necessarily based on hearsay, and although not conclusive should be considered by the court in deciding whether petitioner has established that she is a person of good moral character.

The Designated Naturalization Examiner has recommended that the petition for naturalization be granted, evidently because he found as a fact: "That the Government has not established that the petitioner is other than a person of good moral character, as that term is generally understood and as is required by the Immigration and Nationality Act, section 316(a) (8 U.S.C.A. § 1427(a))."

■ It is not the duty of the Government to establish that petitioner is other than a person of good moral character. The courts have uniformly held that the burden of proof is on petitioner on that issue. The test of good moral character is the standard of the average citizens of the community in which the alien resides. Misconduct beyond the five year period is not a bar if the applicant has in fact reformed; but evidence of offenses committed prior to the five year period should be received and considered with other evidence in determining whether petitioner has shown good moral character within the statutory period and at the time of application. Marcantonio v. U. S., 4 Cir., 185 F.2d 934.

■ The evidence of reformation in this case is not convincing. I cannot

believe that petitioner's conduct or moral character measures up to the norm of the community in which she lives, or of any county in this State. Her petition must be and it is hereby denied.