**Petition for Naturalization of B.**

No. 38784.

United States District Court
D. Maryland.

Dec. 9, 1957

A. Freeborn Brown, Belair, Md., for petitioner.

F. Alfred Petersam, Baltimore, Md., for Immigration and Naturalization Service.

THOMSEN, Chief Judge.

Since the denial of her original petition, D.C., 154 F.Supp. 633, petitioner has married a member of the armed forces of the United States, and has filed a new petition for naturalization, under sec. 319(b) of the Immigration and Nationality Act, 8 U.S.C.A. § 1430(b), so that she can accompany her husband overseas, where he has now been ordered.

Sec. 319(b) provides:

"Any person, (1) whose spouse is (A) a citizen of the United States, (B) in the employment of the Government of the United States, or of an American institution of research recognized as such by the Attorney General, or of an American firm or corporation engaged in whole or in part in the development of foreign trade and commerce of the United States, or a subsidiary thereof, or of a public international organization in which the United States participates by treaty or statute, and (C) regularly stationed abroad in such employment, and (2) who is in the United States at the time of naturalization, and (3) who declares before the naturalization court in

good faith an intention to take up residence within the United States immediately upon the termination of such employment abroad of the citizen spouse, may be naturalized upon compliance with all the requirements of the naturalization laws, except that no prior residence or specified period of physical presence within the United States or within the jurisdiction of the naturalization court or proof thereof shall be required."

Among the requirements which have not been eliminated by sec. 319(b) is requirement (3) in sec. 316(a), 8 U.S. C.A. § 1427(a), that "during all the period referred to in this subsection [petitioner] has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States".

The period referred to in requirement (1) of that subsection, which deals with prior residence and physical presence, is five years for prior residence and half of that time for physical presence. Those requirements are eliminated by sec. 319(b). The question now arises, during what period must an applicant under sec. 319(b) show that she "has been and still is a person of good moral character * * *".

A regulation, 8 C.F.R. sec. 319.2, provides:

"*Person whose United States citizen spouse is employed abroad.* A person of the class described in section 319(b) of the Immigration and Nationality Act shall establish an intention in good faith, upon naturalization, to reside abroad with the United States citizen spouse and to take up residence in the United States immediately upon the termination of the employment abroad of such spouse. It shall be established that at the time of filing of the petition for naturalization such person was in the United States pursuant to a lawful admission for permanent residence, and that he is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States. (Section amended: effective January 3, 1955; published 19 F.R. 9182, December 24, 1954; and again: effective August 17, 1955; published 20 F.R. 5963, August 17, 1955.)"

■ Petitioner and the government agree that the regulation is valid and applicable in this case. However, good moral character is not a momentary attribute; evidence of past misconduct, though not a bar if applicant has in fact reformed, should be received and considered with other evidence in determining whether petitioner has shown good moral character at the time of her application. Marcantonio v. U. S., 4 Cir., 185 F.2d 934; Petition of B, D.C.D.Md., 154 F.Supp. 633.

■ The evidence in the present case is different from that offered on the pre-*vious application.* There, the 1955 report of the I.N.S. investigator was admitted in evidence by stipulation, and neither the investigator nor the two police officers whom he quoted were called as witnesses. Here, the two police officers have testified in open court and the investigator has produced the original memoranda from which his report was prepared. This new evidence has greatly weakened, indeed practically eliminated, the evidence of misconduct on the part of petitioner during the last two or three years which was offered at the previous hearing. The evidence of misconduct more than five years ago remains, and her conduct toward her second husband cannot be condoned. But the present record contains the testimony of many respectable residents of the town and county in which she lives, who know her well, that during the past two or three years petitioner has been chaste and has behaved as a person of good moral character would behave. Petitioner has sworn that she intends her new marriage to be permanent, and that

it was not contracted in order to facilitate her admission to citizenship. Her husband, who is making a successful career in the military service, supports her position and vouches for her present character. On this record, the evidence of reformation is convincing.

The petition for naturalization under sec. 319(b) should be granted.